134 F.3d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reginald P. BURGESS, Plaintiff-Appellant,
v.
CTS TECHNICAL SERVICES INC., a Washington corporation;
MICROSOFT CORPORATION, a Washington corporation,
Defendants-Appellees.
 No. 97-35562.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998**
Decided Jan. 16, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Reginald P. Burgess appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. §§ 1981 and 2000e action alleging racial discrimination and retaliation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Because CTS properly and timely served Burgess with its answer to his complaint, the district court did not err by denying Burgess's motion to strike the answer. See Fed.R.Civ.P. 12(a)(1)(A). Because Burgess was not prejudiced by the slight delay in Microsoft's summary judgment filings, the district court did not abuse its summary judgment filings, the district court did not abuse its discretion by extending the briefing schedule. See Fed.R.Civ.P. 6(b)(2); Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 388, 391-92, 395 (1993).
 
 
 4
 The district court did not abuse its discretion in its discovery rulings. See Fed.R.Civ.P. 26(c), 35(a); Blackburn, 100 F.3d at 1436 (stating that district court has wide discretion in controlling discovery); Neubronner v. Milken, 6 F.3d 666, 671 (9th Cir.1993).
 
 
 5
 We review a grant of summary judgment de novo. See Blackburn v. United States, 100 F.3d 1426, 1429 (9th Cir.1996). The district court did not err by denying Burgess's motion for summary judgment, and granting summary judgment to defendants. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Burgess failed to establish a prima facie case that defendants treated him in a disparate manner on account of his race, or to show that defendants' reasons for their treatment of him were pretextual. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973); Wallis v. J.R. Simplot Co., 26 F.3d 885, 889-91 (9th Cir.1994); Imagineering, Inc. v. Kiewit Pacific To., 976 F.2d 1303, 1313 (9th Cir.1992). Burgess also failed to establish a prima facie case that defendants terminated him in retaliation for any protected activity, or to show that defendants' reasons for terminating him were pretextual. See Wallis, 26 F.3d at 889-91.
 
 
 6
 The district court did not abuse its discretion by denying Burgess's recusal motion, because Burgess presented no basis for questioning the impartiality of Judge Dwyer, or any other judge in the district. See Yagman v. Republic Ins., 987 F.2d 622, 626-27 (9th Cir.1993).[1]
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, we deny Burgess's request for oral argument
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We grant Burgess's motion to file supplemental authorities. We have considered Burgess's remaining contentions and find that they are without merit