**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**Ernest STONEBERGER, Defendant,**

**and**

**James L. Buchanan II, Appellant.**

**No. 85–2544.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 30, 1986.

Decided Dec. 11, 1986.

---

David Stanton Maynihan, William Maddox, Ruth L. Cohen, Asst. U.S. Attys., Las Vegas, Nev., for plaintiff/appellee.

James L. Buchanan, II, Las Vegas, Nev., pro per.

Before ALARCON, BOOCHEVER, and REINHARDT, Circuit Judges.

BOOCHEVER, Circuit Judge:

Defense attorney Buchanan appeals the decision and order of the district court suspending him from practice in the United States District Court, District of Nevada, for one year because of his failure to appear at the time set for trial of a criminal case. He contends that suspension was not authorized, and alternatively was too severe a sanction. Because suspension from practice was not authorized for tardiness we reverse and remand.

## FACTS

Appellant James L. Buchanan II was the defense attorney in *United States v. Stoneberger*, Magistrate Nos. 10–84–2111M and 10–84–2112M. Stoneberger had been charged with misdemeanor driving offenses in the Lake Mead National Recreation Area, and his trial was scheduled for December 19, 1984, at 10:00 a.m. Buchanan was forty minutes late in arriving for trial on December 19, 1984, and the matter was rescheduled for April 3, 1985, at 1:30 p.m. Buchanan was sanctioned $100.00 for his tardiness and required to reimburse the government $110.00 in witness fees.

Buchanan failed to appear for Stoneberger's trial on April 3, 1985. The court was advised by Buchanan's office that he was ill. The trial and any proceedings regarding sanctions were continued until April 10, 1985, at 10:00 a.m.

On April 10, 1985, Buchanan was thirty-three minutes late. Buchanan was advised that a hearing to show cause why sanctions should not be imposed would be held on April 17, 1985, and that he might wish to retain counsel to represent him. The court then proceeded with the trial in *Stoneberger* and the defendant was convicted.

At the close of the *Stoneberger* trial, Buchanan asked the court to consider the matter of sanctions. The court again advised Buchanan that the charges were serious and he might want to retain counsel. Buchanan responded that he wished to proceed immediately. The court asked Buchanan why he was thirty-five minutes late. Buchanan explained that he was late because he had been in state court handling other matters. The magistrate noted that Buchanan had been tardy in other cases. Accordingly, he recommended that Buchanan be suspended from practice before the district court for one year and assessed witness fees in the amount of $78.00. The district court adopted the magistrate's findings and ordered Buchanan suspended for one year and assessed witness fees in the amount of $78.00.

## ISSUE ON APPEAL

We must decide whether the district court had authority to impose the sanction of suspension without a finding that Buchanan wilfully violated its orders.

## AUTHORITY TO IMPOSE SANCTIONS

For a sanction to be validly imposed, the conduct in question must in fact be sanctionable under the authority relied upon. *In re Yagman*, 796 F.2d 1165, 1182–83 (9th Cir.1986). The district court apparently relied on the Local Rules of Practice of the United States District Court, District of Nevada, as authority for imposing the sanctions. At the time involved, Local Rule 13 provided that:

In the event an attorney without just cause:

(a) fails to appear when his case is before the court on motion, for pre-trial conference, or trial, ...

the court may, after notice and opportunity to be heard, impose any and all

sanctions authorized by statute or rule including the imposition of fines, costs or attorney's fees as may be within the power of the court.

Under Local Rule 4(h)(2)(i),

[a]ny member of the bar of this court, for conduct unbecoming a member of the bar, may be disbarred, suspended from practice for a definite time, reprimanded or subjected to such other discipline as the court may deem proper.

Rule 13 applies where an attorney fails to appear when his case is before the court. Buchanan was late on the last two occasions and on another did not appear at all, although his office notified the court that he was ill.[1] Rule 13 reasonably applies to tardiness in addition to absence, because in either event the attorney fails to appear when the case is scheduled for hearing. The rule authorizes the imposition of monetary sanctions. Thus, the assessment of a fine is clearly authorized under Rule 13. That rule, however, does not expressly include a suspension from practice as a sanction. If authority exists under Rule 13 for such a suspension it must therefore be under the provision for "all sanctions authorized by statute and rules".

■ The government relies on Local Rule 4(h)(2)(i) which authorizes suspension from practice when the attorney's conduct is "unbecoming a member of the bar." That type of conduct, however, is generally more serious than tardiness. The First Circuit in *In re Bithoney*, 486 F.2d 319 (1st Cir.1973) held that filing nine petitions for review in immigration cases, some of which were not diligently pursued, and none of which raised any substantial issue on review, constituted "conduct unbecoming a member of the bar of the court." Similarly, in *In re Abrams*, 521 F.2d 1094 (3rd Cir.), *cert. denied*, 423 U.S. 1038, 96 S.Ct. 574, 46 L.Ed.2d 413 (1975), an attorney was engaged in conduct unbecoming a member of the bar when he issued a check ultimately used to bribe New Jersey officials. In a

case analogous to Buchanan's, the Seventh Circuit in *In re Harte*, 701 F.2d 62 (7th Cir.1983), held that it had the power under Fed.R.App.P. 46 to suspend a lawyer for "conduct unbecoming a member of the bar or for failure to comply with ... any rule of the court." Even though the court had power to suspend under the appellate rule it decided that suspension was too drastic a sanction for repeated failures to file an appellate brief on time. Instead the court imposed a public reprimand. While untimeliness in filing a brief usually does not involve the same inconvenience to the court, parties, and witnesses as failure to be present at the time set for a hearing, the case of *In re Harte* is persuasive. We have found no case which holds that tardiness of counsel reaches the level of "conduct unbecoming a member of the bar." We conclude that Rule 4(h)(2)(i) would not support the order of suspension imposed on Buchanan here.

■ Since neither of the local rules support the sanction of suspension imposed here, we must determine whether the order may be upheld under any other authority. The district court may exercise inherent powers, "which 'are necessary to the exercise of all others.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980) (quoting *United States v. Hudson*, 11 U.S. (7 Cranch) 32, 3 L.Ed. 259 (1812)). A specific finding of bad faith, however, must "precede any sanction under the court's inherent powers." *Roadway Express*, 447 U.S. at 767, 100 S.Ct. at 2465. There was no finding by either the magistrate or the district court that Buchanan acted in bad faith. Therefore, the suspension cannot be upheld pursuant to the court's inherent powers.

■ The district court has contempt power under 18 U.S.C. § 401. The judgment of contempt against Buchanan was unconditional, retrospective in effect, and

---

1. Both the magistrate and district court were more concerned about Buchanan's failure to appear in a timely fashion than with his absence on April 3, 1985. Buchanan was asked to bring a physician's note. He did not produce a note but explained he had not gone to the doctor's office because he was at home sick with a case of food poisoning.

imposed to vindicate the court's authority. There is no indication that it was intended to coerce nor was the imposition of the sanction conditioned on obedience to any order. Therefore, Buchanan was adjudged to be in criminal contempt. *United States v. Wendy*, 575 F.2d 1025, 1029 n. 13 (2d Cir.1978). Section 401 gives the court power to punish such contempt by fine or imprisonment. Suspension is not mentioned. Further, where conduct is not punishable under the district court's inherent powers, a contempt sanction under 18 U.S.C. § 401 is also not appropriate. *Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir.1982). Thus, the suspension cannot be supported by reference to section 401.

We recognize that the court has an obligation to the public, witnesses, and the parties to make certain the proceedings are conducted in a timely manner. We do not condone Buchanan's conduct nor do we intend to minimize the importance of punctuality. While we are aware of the problems that a sole practitioner faces, he, nevertheless, has the duty to schedule his appearances in such a manner that he is able to be present in court on time.

On the record before us, however, there is no basis on which the one-year suspension can be upheld. Local Rule 13 authorizes the imposition of fines, costs, or attorney's fees upon an attorney who fails to appear. Therefore, we remand for the imposition of such fines, costs, or attorney's fees as may appear just. In making its decision, the district court should consider the costs and expenses already incurred by Buchanan in appealing the suspension order.

REVERSED and REMANDED.