958 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, for the Use and Benefit of A & A
ROOFING, INC., Plaintiff,
and
Herbert A. Viergutz, Appellant,
v.
GITTINS CONSTRUCTION, INC., dba PAKAK J/V; Robert E.
Alvarez, Robert H. Alvarez, individual sureties,
Defendants-Appellees.
 No. 90-35405.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1992.*
Decided March 25, 1992.
 
 Before HUG, NOONAN and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Attorney Herbert A. Viergutz appeals his thirty-day suspension from practice before the district court. Viergutz contends the district court abused its discretion because it imposed the sanction under its inherent powers without making a finding of bad faith. We have jurisdiction under 28 U.S.C. § 1291. We remand to the district court to vacate the suspension or to make a finding of bad faith.
 
 FACTS AND PROCEDURE
 
 3
 Viergutz was counsel for the plaintiff in a civil action. The district court granted summary judgment for the plaintiff against the defendants Gittins Construction, Inc., d/b/a Pakak, Robert E. Alvarez and Robert H. Alvarez, jointly and severally. Viergutz then filed two affidavits in support of the issuance of a writ of execution, alleging that judgment was entered "against PAKAK, and Sandy Spencer, sole proprietor of PAKAK."
 
 
 4
 The district court later found that the affidavits executed by Viergutz were false. The court imposed the following sanctions against Viergutz: (a) pursuant to Rule 11, payment of $2,200 to Spencer; and (b) based upon the court's inherent powers, suspension from practice before the district court for thirty days and disqualification from any further participation in the case.
 
 
 5
 Viergutz filed a motion for reconsideration of his suspension and disqualification from the case. The district court withdrew Viergutz's disqualification from the case, but declined to withdraw his suspension. On appeal, Viergutz challenges only the suspension imposed under the court's inherent powers.
 
 STANDARD OF REVIEW
 
 6
 The imposition of sanctions under the court's inherent powers is reviewed for an abuse of discretion. Chambers v. Nasco, Inc., 111 S.Ct. 2123, 2138 (1991). A district court necessarily abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2461 (1990) (Rule 11).
 
 DISCUSSION
 
 7
 In Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980), the Court concluded that a specific finding that counsel's conduct constituted or was tantamount to bad faith must precede any sanction under the court's inherent powers. See also Chambers, 111 S.Ct. at 2136 ("A court must, ... in invoking its inherent power, ... [determine] that the requisite bad faith exists....").
 
 
 8
 This court has generally required an express finding of bad faith before sanctions may be imposed under the court's inherent powers. See Zambrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir.1989); Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 777 (9th Cir.1989), cert. denied, 110 S.Ct. 3216 (1990); United States v. Stoneberger, 805 F.2d 1391, 1393 (9th Cir.1986). However, bad faith may be supported by sufficient evidence in the record. See Toombs v. Leone, 777 F.2d 465, 471 (9th Cir.1985) (although court made no express finding of bad faith or recklessness, where record revealed sufficient evidence to support its decision, sanction under either the court's inherent powers or 28 U.S.C. § 1927 was not abuse of discretion).
 
 
 9
 The district court made no express finding that Viergutz acted in bad faith and we caonnot say such a finding is implicit from the record before us. Accordingly, the district court's suspension of Viergutz under its inherent powers cannot be upheld. See MGIC Indem. Corp. v. Moore, No. 89-55713, slip op. 17173, 17178-79 (9th Cir. Dec. 27, 1991) (where district court made no specific finding of bad faith, and record revealed no evidence upon which it could have rationally based its decision, section 1927 sanctions reversed).
 
 
 10
 We remand this cause to the district court to enable it to either vacate its suspension order or make the requisite finding that Viergutz acted in bad faith.
 
 
 11
 REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3