15 F.3d 1092
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard O. KELLY, Sr., Defendant,
Richard H. Kirschner, Appellant.
 No. 93-50238.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1993.
Decided Dec. 29, 1993.
 
 Before: HUG, SCHROEDER, and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Kirschner appeals the district court's order sanctioning him for making misleading statements to the court in a motion for bail pending appeal made on behalf of a criminal defendant. Kirschner argues both that the district court abused its discretion in imposing sanctions in these circumstances, and that he was deprived of the due process of law by the district court's handling of this matter. We believe that the district court abused its discretion in issuing the sanctions, and therefore need not address Kirschner's due process claims.
 
 
 3
 This circuit has stated that "[f]or a sanction to be validly imposed, the conduct in question must in fact be sanctionable under the authority relied upon." United States v. Stoneberger, 805 F.2d 1391, 1392 (9th Cir.1986); see also Zambrano v. City of Tustin, 885 F.2d 1473 (9th Cir.1989). Here, although the district court did not specify the authority under which it was acting when sanctioning Mr. Kirschner, it was presumably acting under its "inherent authority" to ensure the integrity of the judicial process. With respect to these sanctions, the Supreme Court has noted: "[b]ecause inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980). For this reason, this circuit has required that any sanction imposed under the court's inherent authority to be accompanied by a finding of bad faith. See, e.g., Roadway Express, 447 U.S. at 765-66; Stitt v. Williams, 919 F.2d 516, 531 (9th Cir.1990); cf. Zambrano, 885 F.2d at 1480 (requiring a finding of bad faith where the court was enforcing court rules rather than acting pursuant to its inherent authority). The district court in this case made no such finding. Although an explicit finding may not be required where the record supports a conclusion that the sanctioned attorney did act in bad faith, see, e.g., Toombs v. Leone, 777 F.2d 465, 471 (9th Cir.1985), such a conclusion is not supported here.
 
 
 4
 The crux of the district court's displeasure with Kirschner's submissions was Kirschner's contention that the prosecution breached a plea agreement in his client's case when it "requested" an additional $600,000 in restitution. The district court felt that this argument was misleading, because the government had actually "requested" a $600,000 fine, and mentioned restitution only in response to the judge's expressed concern that any additional money extracted from the defendant be available to the victims of his crime.
 
 
 5
 Although Kirschner did take some government statements out of context when making his argument, the circumstances do not support a contention that he was trying to mislead the court. Rather, he included a transcript of the relevant proceedings along with his brief, and made his arguments only to a judge with independent knowledge of the proceedings.
 
 
 6
 Because Mr. Kirschner was sanctioned in this case for making a colorable argument on behalf of a criminal defendant, unaccompanied by the bad faith required by Stitt and Zambrano, we reverse.
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3