19 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
KOKORO CO., LTD., d/b/a Kokoro Dinosaurs, Plaintiff-Appellee,
v.
EXHIBITOURS, INC. and Stacy F. Bishkin, Defendants-Appellants.
 No. 92-55975.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 31, 1994.
Decided Feb. 25, 1994.
 
 Before: SNEED, THOMPSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Exhibitours, Inc. and its officer, Stacy F. Bishkin, appeal the district court's imposition of sanctions. The district court found that interrogatory responses of Exhibitours and Bishkin were "at best disingenuous, and at worst not truthful." Because the record does not support the award of sanctions on any of the grounds relied upon by the district court, we reverse.
 
 
 3
 We apply an abuse of discretion standard in reviewing the district court's imposition of sanctions. Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).
 
 
 4
 The district court imposed the sanctions under Federal Rules of Civil Procedure 11 and 26(g) and the court's inherent power. Rule 11 is not the proper ground for sanctions based on responses to interrogatories. "Sanctions for discovery abuses are governed primarily by Rule 26(g) and Rule 37, rather than Rule 11...." In re Yagman, 796 F.2d 1165 (9th Cir.1986), cert. denied, 484 U.S. 963 (1987).
 
 
 5
 Nor is Rule 26(g) a proper ground for the sanctions. This rule requires certification of interrogatory responses. Here, the Supplementary Interrogatory Responses were not signed. The fact that the witness testified at her deposition that her answers to the interrogatories were true supplied a verification, but this is not the "certification" required by Rule 26(g).
 
 
 6
 The sanctions cannot be supported under the district court's inherent power, because sanctions on this ground require a finding of bad faith. United States v. Stoneberger, 805 F.2d 1391, 1393 (9th Cir.1986) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980)). The district court, in its order filed January 25, 1992, stated that the defendants' conduct "arguably reflected Defendants' bad faith," but it made no finding of bad faith.
 
 
 7
 Because the sanctions cannot be supported under either Rules 11 or 26(g), or under the district court's inherent power, we must reverse.
 
 
 8
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36-3