**Brian STIVER, Plaintiff–Appellant,**

**v.**

**OLSTEN KIMBERLY QUALITY CARE INC.; James Long, Defendants–Appellees.**

**Brian Stiver, an individual, Plaintiff–Appellant,**

**Barry B. Kaufman, Appellant,**

**v.**

**Olsten Kimberly Quality Care Inc., a corporation, Defendant–Appellee.**

No. 00–55269, 00–56070.

D.C. No. CV–97–07862–LGB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2001.

Decided Oct. 29, 2001.

Before BOOCHEVER, FERNANDEZ and FISHER, Circuit Judges.

## MEMORANDUM *

Brian Stiver claims that Olsten Kimberly Quality Care terminated him solely on the basis of his extramarital romantic relationship with fellow employee Kathy Sieperman. Stiver appeals the district court's denial of his motion to remand, the grant of summary judgment on his claims for invasion of privacy and wrongful termination in violation of public policy and the denial of his motion to amend his complaint to add a claim for retaliatory termination in violation of public policy. Stiver's attorney, Barry Kaufman, appeals the post-judgment award of sanctions. We affirm in part and reverse in part.

This Court need not consider the propriety of the district court's refusal to remand the case because Stiver concedes that any alleged jurisdictional defect was cured by the time judgment was entered. *See Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 64, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).

■ We affirm the district court's grant of summary judgment on Stiver's claims for invasion of privacy and wrongful termination. Because Stiver failed to raise a triable issue of fact whether Olsten fired Stiver because he was having an affair with Sieperman, he failed to demonstrate the requisite "invasion" to sustain either his claim for breach of informational privacy or autonomy privacy. *See Hill v. National Collegiate Athletic Ass'n,* 7 Cal.4th 1, 37, 26 Cal.Rptr.2d 834, 857, 865 P.2d 633 (1994). Because Stiver cannot demonstrate that his right to privacy was violated, his wrongful termination claim fails as well.

Further, the district court did not abuse its discretion in denying Stiver's motion to amend because Stiver failed to show good cause to modify the pretrial scheduling order, as required by Federal Rule of Civil Procedure 16. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294–1295 (9th Cir.2000), *cert. denied by Gentile v. Quaker Oats Co.,* —— U.S. ——, 121 S.Ct. 2592, 150 L.Ed.2d 751 (June 29, 2001); *Johnson*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

v. *Mammoth Recreations, Inc.*, 975 F.2d 604, 607–609 (9th Cir.1992).

 Finally, we reverse the $25,575.85 sanctions award as an abuse of discretion. While we are sensitive to the difficulties caused by uncooperative counsel who fail to abide by pretrial requirements, this Circuit's authority requires sufficient evidence of bad faith or conduct tantamount to bad faith to support a sanctions award under Local Rule 27, 28 U.S.C. § 1927 and the court's inherent power. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (inherent power); *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir.2001) (inherent power and § 1927); *Moore v. Keegan Mgmt. Co. (In re Keegan Mgmnt. Co. Sec. Litig.)*, 78 F.3d 431 (9th Cir.1996) (§ 1927); Central District of California Local Rule 27. Here, Kaufman acted negligently by failing to comply with jury instruction and verdict form requirements, and his disregard for defendants' preparation demonstrates a lack of professional courtesy. Nonetheless, the record before us does not support a finding that Kaufman's conduct rose to the level of bad faith, or its equivalent under a recklessness standard. *Compare Chambers*, 501 U.S. at 36–41 (affirming sanctions award where party repeatedly violated court orders to enforce sale of television station), *Gomez v. Vernon*, 255 F.3d 1118 (9th Cir. 2001) (affirming sanctions award where attorneys willfully and repeatedly examined prisoners' attorney-client privileged materials), *and Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1115–1118 (9th Cir.2000) (affirming sanctions award where attorney advised client to violate TRO), *with Barber v. Miller*, 146 F.3d 707, 711 (9th Cir.1998) (stating that "ignorance or negligence" does not support

§ 1927 sanctions), *Zambrano v. City of Tustin*, 885 F.2d 1473, 1484 (9th Cir.1989) (reversing sanctions award where attorneys, in violation of clear rule, failed to seek admittance to district court before appearing there), *and United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986) (reversing sanctions award for repeated tardiness). Accordingly, the district court's award cannot stand.

Both parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part.**