**SOUTHWEST CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation, Plaintiff—Appellant,**

v.

**John. MCGEE, in his official capacity as Coronado National Forest Supervisor, et al., Defendants—Appellees,**

---

* Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

2. *Id.*

3. *American Nat'l Fire v. B & L Trucking*, 134 Wash.2d 413, 951 P.2d 250, 256 (1998).

4. *Id.* (Internal citations omitted).

Valer Austin, named permittee on the West Turkey Creek Allotment, et al., Defendant–Intervenors—Appellees.

No. 99–17682.

D.C. No. CV–98–00367–ACM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2001.*

Decided Feb. 15, 2002.

Before PREGERSON, FERGUSON and HAWKINS, Circuit Judges.

MEMORANDUM**

Southwest Center for Biological Diversity (the "Center") appeals the District Court's award of attorney's fees and costs to defendant-intervenor Valer Austin and the denial of attorney's fees to it. Austin held one of 47 grazing allotments that the Center challenged in the underlying action. Pursuant to the Endangered Species Act, 16 U.S.C. §§ 1531–38, the U.S. Forest Service must consult with the U.S. Fish and Wildlife Service before allowing any activities, including grazing, that may affect certain endangered species. *Id.* at § 1536. Once the Forest Service had completed its consultation and determined that the "take" of endangered species on the challenged allotments was "incidental," and therefore lawful, the Center moved to have its suit dismissed as moot.

Austin objected to the Court's dismissal of the action as moot, at which point the Court recharacterized the dismissal as being "with prejudice" to allow the parties to collect fees and costs from each other. The Forest Service paid the Center a portion of its fees, and the Center and the other parties agreed to have each party bear its own fees and costs. Only Austin

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

and the Center submitted motions to collect fees from each other. The District Court granted Austin's motion, and denied the center's motion, without explanation. Approximately six weeks later the Court filed a memorandum disposition explaining that it had awarded Austin fees and costs because the litigation affecting the Austin's allotment had been filed in bad faith. We reverse in part and affirm in part.

"This court reviews for abuse of discretion a District Court's decision on a motion for attorney fees.... This court reviews the District Court's analysis of the law de novo and its factual determinations for clear error." *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1235 (9th Cir.2000) (citations omitted).

"The bad faith requirement sets a high threshold." *Primus Automotive Financial Services, Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir.1997). In order to support a finding of bad faith, the litigation must have been frivolous or filed for an improper purpose. *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir.2001) (citations omitted). The District Court did not suggest that the litigation was frivolous, so we must determine whether it was filed for an improper purpose.

"Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). "A specific finding of bad faith ... must 'precede any sanction under the court's inherent powers.'" *United States v. Stoneberger*, 805 F.2d 1391, 1392 (9th Cir.1986) (quoting

*Roadway Express*, 447 U.S. at 767, 100 S.Ct. 2455).

The District Court failed to conduct any hearing on the subject of attorney's fees, and it awarded the fees prior to making any factual findings regarding bad faith. Moreover, our review of the record does not reveal conduct rising to the level of bad faith. Appellant's initial claim was meritorious. Its motion to dismiss the case was proper. The District Court erred in finding that its claim for injunctive relief pursuant to § 9 of the ESA was not rendered moot by the Biological Opinion and that the dismissal motion was in bad faith. Once the "take" had been deemed "lawful," there was no possibility of pursuing an injunction for an unlawful take. The District Court otherwise failed to make specific findings of bad faith as required by *Primus*, 115 F.3d at 649, and we find insufficient evidence in the record to remand for a further inquiry into whether the "high threshold" was reached.[1]

The Austins have demonstrated to this Court an impressive and commendable commitment to the environment, and this lawsuit was doubtless vexing to them. It was not, however "vexatious" in the legal sense required to receive an award of attorney's fees. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). The District Court erred in awarding the sanctions.

Southwest Center's contention that it was entitled to attorney's fees is foreclosed by the Supreme Court's recent decision in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health*

---

1. The District Court apparently relied on Federal Rule of Civil Procedure 41(a)(2) as an alternate basis for its holding. That rule, which allows a court impose terms and conditions upon its dismissal of a case, is not applicable here, where the court attempted to impose new conditions several months after dismissing the case. The Center had no reasonable opportunity to decide whether or not to accept the court's terms prior to the case's dismissal.

*and Human Resources,* 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), which rejected the "catalyst theory" of determining whether a party is a prevailing party for the purposes of fee-shifting statutes.

The award of attorney's fees to Austin is REVERSED. The denial of attorney's fees to Southwest Center is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.