**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jordan Chase BROWN, Defendant—
Appellant.**

No. 02–50197.
D.C. No. CR–01–01053–GAF–01.

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2003.*

Decided April 17, 2003.

Before LAY,** HAWKINS, and
TALLMAN, Circuit Judges.

MEMORANDUM***

We ordinarily give wide berth to district courts in imposing sanctions, consistent with the Supreme Court's approval of the inherent power of district courts to assess attorney's fees "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. Nasco, Inc.,* 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)); *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764–65, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).

■ The government argues that we should follow *United States v. Seltzer,* 227 F.3d 36 (2d Cir.2000), that bad faith is only required when a court imposes attorney's fees, in particular, as a sanction, or when counsel is sanctioned for "conduct that is

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

integrally related to the attorney's role as an advocate." *Id.* at 40. However, we have consistently held that bad faith is required whenever courts invoke inherent powers to sanction, regardless of the form of the sanction or whether the conduct in question was advocacy-related. *See Fink v. Gomez,* 239 F.3d 989, 992 (9th Cir.2001) ("In reviewing sanctions under the court's inherent power, our cases have consistently focused on bad faith."); *Zambrano v. City of Tustin,* 885 F.2d 1473, 1485 (9th Cir.1989) (vacating sanctions where counsel's failure to comply with local court rules for admission to the bar did not evidence bad faith); *United States v. Stoneberger,* 805 F.2d 1391, 1393 (9th Cir. 1986) (reversing a sanction of suspension from practice because "[a] specific finding of bad faith ... must 'precede *any* sanction under the court's inherent power' ") (quoting *Roadway Express,* 447 U.S. at 767) (emphasis added).

Here, the district court did not make the required finding that counsel's conduct constituted or was tantamount to bad faith. *See Roadway Express,* 447 U.S. at 767. Nor would there be any support for such a finding, as the record shows that counsel's tardiness was inadvertent. *See Fink,* 239 F.3d at 992 ("[M]ere tardiness does not demonstrate the improper purpose or intent required for inherent power sanctions."). Therefore, remand is not required.

A court may impose sanctions for violation of a local rule absent a finding of bad faith. *But see Zambrano,* 885 F.2d at 1480 ("[W]e do not think that the imposition of financial sanctions for mere negligent violations of the local rules is consistent with the intent of Congress or with the restraint required of the federal courts in sanction cases."). However, an individual district court's standing orders to "be on time" do not qualify as "local rules," which are promulgated under congressional authority and subject to notice and comment. 28 U.S.C. § 2071.

Although our precedent requires a finding of bad faith to impose sanctions—and consequently mandates reversal due to the lack of such a finding in this case—we are sympathetic to the concerns of the district court. Tardiness by counsel severely compromises district judges' ability to manage their courts. It is also a burden to court personnel, punctual counsel, and witnesses, all of whom are forced to wait for late-arriving counsel. Tardy counsel demonstrate a complete lack of respect for everyone and the district court. We trust that in the future counsel will be more attentive to scheduling matters.

**REVERSED.**