**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUSSEIN S. HUSSEIN, | No. 08-17443 |
| Plaintiff - Appellant, | D.C. No. 3:05-cv-00381-PMP-RAM |
| v. | |
| MARY PHELPS DUGAN; LEAH WILDS, | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| HUSSEIN S. HUSSEIN, | No. 08-17589 |
| Plaintiff - Appellee, | D.C. No. 3:05-cv-00381-PMP-RAM |
| v. | |
| LEAH WILDS, | |
| Defendant - Appellant, | |
| and | |
| MARY PHELPS DUGAN, | |
| Defendant. | |

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| HUSSEIN S. HUSSEIN, | No. 09-16986 |
| Plaintiff - Appellant, | |
| | D.C. No. 3:05-cv-00381-PMP-RAM |
| v. | |
| MARY PHELPS DUGAN; LEAH WILDS, | |
| Defendants - Appellees. | |

| | |
|---|---|
| HUSSEIN S. HUSSEIN, | No. 09-17221 |
| Plaintiff, | D.C. No. 3:05-cv-00381-PMP-RAM |
| and | |
| JEFFREY A. DICKERSON, | |
| Interested Party - Appellant, | |
| v. | |
| MARY PHELPS DUGAN; LEAH WILDS, | |
| Defendants - Appellees. | |

| | |
|---|---|
| HUSSEIN S. HUSSEIN, | No. 10-16362 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00056-LRH-VPC |
| v. | |

ADEL ERSEK; RAMONA LASLO;
HYUNGCHUL HAN; DAVID
THAWLEY; RON PARDINI; ESMAIL
ZANJANI,

Defendants - Appellees.

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro and Larry R. Hicks, District Judges, Presiding

Submitted October 11, 2011[**]
San Francisco, California

Before: WALLACE and THOMAS, Circuit Judges, and ALBRITTON, Senior
District Judge.[***]

These consolidated appeals arise out of two district court cases. Because the

complex factual and procedural history is known to the parties, we need not

recount it here.

I

In considering appeal 08-17443, we conclude that the district court properly

granted summary judgment in favor of Dugan and Wilds.

---

[**]   The panel unanimously concludes these consolidated cases are
suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable William H. Albritton, III, Senior District Judge for the
U.S. District Court for Middle Alabama, sitting by designation.

A

The district court correctly concluded that Hussein was collaterally estopped from asserting the claims against Dugan in this action because he had previously litigated the same claims in a prior action that was resolved against him. Under our case law, three factors determine whether collateral estoppel applies: "(1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated [by the party against whom preclusion is asserted] in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004). Here, the same First Amendment question that determines Dugan's liability was also at issue in the prior litigation. Hussein actually litigated the issue in the previous action, and the issue was critical to the previous judgment. Thus, the district court properly held that Hussein was collaterally estopped from pursuing his redundant claims against Dugan and granted summary judgment.

B

The district court also properly granted summary judgment on Hussein's First Amendment claims against Wilds. Under controlling Supreme Court precedent, faculty members have no constitutional "right to be heard by public

-4-

bodies making decisions of policy." *Minn. State Bd. for Cmty. Coll. v. Knight*, 465 U.S. 271, 283 (1984). Therefore, the district court correctly concluded that Hussein had no protected constitutional right to speak at the faculty meeting.

The district court also properly entered summary judgment on Hussein's claim that Wilds improperly altered the faculty grievance process. Hussein did not rebut Wilds's evidence that she was not involved in making changes to the process, so there was no genuine issue of material fact. Therefore, the district court properly granted summary judgment.

C

We have reviewed Hussein's remaining challenges to various district court orders in this case and conclude they are without merit.

II

In considering appeals 09-16986 and 09-17221, we hold that the district court properly ordered the sanctions under its inherent authority and 28 U.S.C. § 1927. *See Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) ("[T]he district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct."). The district court made a specific finding of bad faith, as required by our case law. *Id.* The district court's bad faith findings in both cases are supported by the record, and there was no clear error in the court's

factual findings. *Slottow v. Am. Cas. Co. of Reading, Penn.*, 10 F.3d 1355, 1361 (9th Cir. 1993) (explaining standard of review). Similarly, the district court's determination of the amount of attorney fees is amply supported by the record.

The district court did not abuse its discretion when it denied Hussein's four motions for sanctions. Hussein's arguments on appeal are merely conclusory.

III

In considering appeal 10-16362, we conclude that the district court properly granted judgment on the pleadings as to defendants Thawley, Zanjani, Pardini, and Han. The court correctly determined that these claims were barred by claim preclusion. Claim preclusion bars a suit when an "earlier suit ... (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir.2002)). The district court correctly concluded that Hussein had made the same allegations against these defendants in prior actions.

Because Ersek and Laslo were not parties in the prior litigation, Hussein's claims against them were not precluded. However, the district court properly granted summary judgment on these claims. "In order to establish a *prima facie* case of defamation, a plaintiff must prove: (1) a false and defamatory statement by

defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 462 (Nev. 1993) (citation omitted). The district court properly determined that there was no unprivileged publication of the statements and, therefore, no prima facie case of defamation.

There is no merit in Hussein's challenges to the district court's other orders.

IV

In appeal 08-17589, we conclude that the district court did not make adequate findings to support the sanctions, nor did it identify the authority upon which it relied. *See Fink*, 239 F.3d at 992 (requirement of findings); *United States v. Stoneberger*, 805 F.2d 1391, 1392 (9th Cir. 1986) ("For a sanction to be validly imposed, the conduct in question must in fact be sanctionable under the authority relied upon.") (citation omitted). Therefore, we vacate the award of sanctions against Wilds and remand the issue to the district court for reconsideration and the entry of a new order.

In appeal 08-17443, the primary case against Dugan and Wilds, costs are taxed against appellant.

-7-

In appeals 09-16986 and 09-17221, the appeal from the attorney fee award, costs are taxed jointly and severally against appellants.

In appeal 10-16362, the case against other witnesses, costs are taxed against appellant.

In appeal 08-17589, the appeal from the award of sanctions against Wilds, costs are taxed against appellee.[1]

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

---

[1]Appellant's motion to compel supplemental excerpts of record, Docket Entry No. 52 in appeal 08-17443, is denied as moot.