**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARION EDWARDS, | No. 19-15077 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05778-VC |
| v. | |
| ALAMEDA-CONTRA COSTA TRANSIT DISTRICT, a California public transit authority, and SALVADOR LLAMAS, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted February 14, 2020
San Francisco, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and MURPHY,**
District Judge.

Appellant Darion Edwards appeals the district court's imposition of

sanctions against his attorney, Mr. Na'il Benjamin, pursuant to its inherent

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

authority and 28 U.S.C. § 1927 for failing "to follow [c]ourt orders and fail[ing] to keep his client adequately informed of the post-trial proceedings." The district court found "not credible" Mr. Benjamin's explanation "that even though he had agreed to represent Mr. Edwards through the trial, for some appellate purposes and in related state court litigation, he had not agreed to represent Mr. Edwards in any post-judgment proceedings." The district court noted that "Mr. Benjamin admitted that he received the [c]ourt's orders through ECF noticing but argues that he did not need to review them because judgment had been entered." The district court then entered sanctions against Mr. Benjamin in the amount of $805.00 "to compensate the defendants for . . . the fees defense counsel reasonably incurred in preparing for and attending" the post-judgment conference that Mr. Benjamin and his client failed to attend.

"A specific finding of bad faith . . . must 'precede any sanction under the court's inherent powers.'" *United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)). Or, alternatively, a district court must find that counsel willfully disobeyed a court order. *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012). Although an inherent powers sanction based on disobedience of a court order does not require a finding of bad faith, it does require a finding that counsel "acted deliberately." *Id.* The imposition of any sanction under 28 U.S.C. § 1927 must be

accompanied by a finding that the sanctioned attorney "acted recklessly or in bad faith" or committed intentional misconduct. *Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir. 1982).

Here, the district court made no finding that Mr. Benjamin acted recklessly or in bad faith, that he committed intentional misconduct, or that he willfully disobeyed a court order. We therefore vacate and remand the case. *See Barnd*, 664 F.2d at 1343. We note that Mr. Benjamin could benefit from taking responsibility for his failure to monitor electronic notices in the case after judgment was entered. We also recommend that, on remand, the district court reconsider whether Mr. Benjamin's conduct warranted the imposition of sanctions under applicable standards.

**VACATED AND REMANDED.**