Stephen **YAGMAN**, Plaintiff–Appellant,

v.

**REPUBLIC INSURANCE; CNA Insurance; Valley Forge Insurance, Defendants–Appellees.**

No. 91–55871.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 1992.

Decided March 4, 1993.

Ramsey Clark and Lawrence W. Schilling, New York City, Stephen Yagman, Yagman & Yagman, Venice, CA, for plaintiff-appellant.

Before: HUG, FLETCHER, and BRUNETTI, Circuit Judges.

HUG, Circuit Judge:

Attorney Stephen Yagman appeals from two orders of the district court for the Central District of California: (1) denying a motion to recuse Chief Judge Manuel Real of that district from a case in which Yagman was both a party and counsel for himself, and (2) imposing sanctions on Yagman for certain acts and omissions made during the consideration of that motion.

The district court had jurisdiction under 28 U.S.C. § 1332(a)(1). We have jurisdic-

tion under 28 U.S.C. § 1291. We affirm the order denying recusal, but vacate the order imposing sanctions.

## I.

## BACKGROUND

This case arises from a motion by attorney Stephen Yagman to recuse Chief Judge Manuel Real of the Central District of California from a case in which Yagman was both plaintiff and counsel for himself. Judge William D. Keller of the same court denied Yagman's recusal motion, *Yagman v. Republic Ins.*, 136 F.R.D. 652, 658 (C.D.Cal.1991), and sanctioned him for his conduct during the consideration of that motion, *Yagman v. Republic Ins.*, 137 F.R.D. 310, 312 (C.D.Cal.1991). Because the events in this case are adequately chronicled in these two orders, we review here only the most pertinent facts.

The underlying action is a civil suit brought by Yagman against four insurance companies seeking damages for breach of contract, various state law torts and bad faith. The complaint was filed on January 24, 1991 and the case was assigned to Judge Real. On February 4, 1991, Yagman filed a motion to recuse Judge Real from sitting in the case on the ground that he was biased against Yagman.[1] Judge Real summarily referred the motion for random reassignment. Judge Keller was chosen to hear the motion.

Yagman's argument for recusal was based solely upon the events during and subsequent to a 1984 defamation trial, *Brown v. Baden*, in which Yagman served as plaintiffs' attorney and over which Judge Real presided. The trial was marked by numerous heated exchanges between Yagman and Judge Real. At the conclusion of the trial, Judge Real imposed a $250,000 sanction on Yagman for his conduct both before and during the trial.

Yagman appealed the sanction to this court, arguing that the sanction was un-just, that Judge Real had demonstrated bias against him during the trial, and that Judge Real therefore should have recused himself from presiding over the sanctions proceeding. *In re Yagman*, 796 F.2d 1165 (9th Cir.), *amended*, 803 F.2d 1085 (9th Cir.1986), *mandamus granted by Brown v. Baden*, 815 F.2d 575 (9th Cir.), *cert. denied, Real v. Yagman*, 484 U.S. 963, 108 S.Ct. 450, 98 L.Ed.2d 390 (1987). We vacated the sanction on various procedural grounds and remanded the matter with an instruction requiring the reassignment of the sanctions issue to another judge in order "to preserve the appearance of justice." *In re Yagman*, 796 F.2d at 1188. We noted the tense nature of the trial, but held that Judge Real had not demonstrated bias against Yagman and that he did not err by failing to recuse himself. *Id.* at 1181–82.

Judge Real did not reassign the case but, instead, stayed the proceeding pending the outcome of a mandamus petition he had filed challenging our authority to order the reassignment of another case not involving Yagman. *See United States v. Sears, Roebuck & Co.*, 785 F.2d 777 (9th Cir.) (reversing and remanding for assignment to a different judge), *cert. denied*, 479 U.S. 988, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986). Though the Court denied the *Sears* petition, Judge Real still did not reassign the case. We then issued a writ of mandamus ordering reassignment, *Brown v. Baden*, 815 F.2d 575 (9th Cir.1987), and Judge Real responded by filing an unsuccessful petition for certiorari with the United States Supreme Court, *Real v. Yagman*, 484 U.S. 963, 108 S.Ct. 450, 98 L.Ed.2d 390 (1987) (petition denied).

Yagman now argues that Judge Real's conduct during the *Brown* trial and his attempt to seek review of our decision reversing Yagman's sanction in that case demand Judge Real's recusal in this case. Yagman made this argument to the district court, but was denied his request. *Yagman*, 136 F.R.D. at 657–58. He now appeals that denial.[2]

---

1. The insurance company/defendants in the underlying action did not appear in conjunction with this motion, nor were they at all involved in the events surrounding its consideration.

2. Prior to bringing this appeal, Yagman filed an emergency petition for writ of mandamus, ordering the recusal of Judge Real. We denied the petition. (No. 91–70209, April 12, 1991).

In addition, the district court sanctioned Yagman for several instances of purported misconduct during the consideration of the recusal motion. *Yagman*, 137 F.R.D. at 317. After receiving several declarations and holding a hearing on the matter, the court issued an order which officially sanctioned Yagman and urged that he be disciplined by the State Bar of California. *Id.* at 319. Yagman appeals the sanction order as well.

## II.

### RECUSAL

 Yagman seeks recusal of Judge Real under 28 U.S.C. §§ 144 and 455. Section 144 provides a procedure for a party to recuse a judge. Section 455 imposes an affirmative duty upon judges to recuse themselves. Under both statutes, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *In re Yagman*, 796 F.2d at 1179 (applying section 455); *see also United States v. Conforte*, 624 F.2d 869, 880–81 (9th Cir.) (discussing standard for disqualification under sections 144 and 455), *cert. denied*, 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980). Accordingly, recusal will be justified either by actual bias or the appearance of bias. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1991). We review a district court's denial of recusal for an abuse of discretion. *United States v. Monaco*, 852 F.2d 1143, 1147 (9th Cir.1988), *cert. denied*, 488 U.S. 1040, 109 S.Ct. 864, 102 L.Ed.2d 988 (1989).

The essence of Yagman's argument is that Judge Real's behavior during the *Brown v. Baden* trial and his petition for certiorari to review our decision regarding the sanction imposed against Yagman suggest that Judge Real, in truth and in appearance, is biased against Yagman.

In *In re Yagman* we found that although Judge Real and Yagman "clashed several times" during the *Brown v. Baden*

trial, these incidents did not necessitate Judge Real's recusal. *In re Yagman*, 796 F.2d at 1181. After reversing Judge Real's sanction order on various procedural grounds, however, we ordered that the sanctions matter be reassigned to another judge on remand. We did so not because of any inability of Judge Real to act impartially, but instead "to preserve the appearance of justice" in what had become a complicated and acrimonious case. *Id.* at 1188.

Because we remanded the sanctions issue and ordered its reassignment to another judge, Yagman reads our holding in *In re Yagman* as an acknowledgment that Judge Real had created the *appearance* of bias during the *Brown v. Baden* trial. We disagree. We "firmly rejected Yagman's claims of judicial bias" and ordered reassignment only because we found "unusual circumstances." *Id.* The attorney bickering and misconduct during the trial, the massive sanction award, the numerous allegations of bias, and the poor lawyering demonstrated throughout the case persuaded us that the matter would be better handled by another judge. *Id.* Moreover, nothing in our opinion suggested that the reassignment of the sanctions issue in that case would necessitate the recusal of Judge Real from future matters in which Yagman was involved. Therefore, the events of the *Brown v. Baden* trial, which we previously considered in *In re Yagman*, will not support recusal in this case.

Likewise, Judge Real's failure to comply with this court's orders in *In re Yagman* and his filing of a petition for certiorari in that case will not support recusal in this case. Yagman suggests that Judge Real's petition was motivated by some invidious motive against Yagman. His assertions, however, are nothing more than speculation. Yagman has pointed to no evidence other than Judge Real's pursuit of the petition for certiorari itself which would substantiate his claim of actual or apparent bias.[3] The fact that Judge Real had filed a

---

**3.** In his emergency petition for writ of mandamus to this court, Yagman included numerous newspaper articles describing the events of the

*Brown* case and the *Real v. Yagman* petition. These articles were not presented to the district court during the consideration of the recusal

similar petition in the *Sears* case, in which Yagman was not involved, suggests that Judge Real was legitimately interested in challenging this court's authority to order the reassignment of cases.

We conclude, therefore, that the district court did not abuse its discretion by denying Yagman's motion to recuse Judge Real. We affirm the order denying the motion, to the extent it addresses this issue.[4]

## III.

## SANCTIONS

The district court issued an order, after hearings on the sanctions matter, which stated:

> IT IS HEREBY ORDERED that Stephen Yagman is sanctioned under Rule 11 of the Federal Rules of Civil Procedure, 18 U.S.C. § 401(3), and the inherent power of the Court.
>
> A copy of this Order and the Order of March 27, 1991 shall be sent to the State Bar of California with a recommendation that Stephen Yagman be disciplined appropriately.

*Yagman v. Republic Ins.*, 137 F.R.D. at 319. The district court based its sanction order on three different instances of purported misconduct by Yagman: (A) his characterization of the certiorari petition, *Real v. Yagman*, in his recusal motion; (B) his response to the court's order requesting documents regarding that action; and (C) his failure to call the court's attention to a recusal motion he had made against Judge Real in an unrelated matter. *Id.* at 314–17.

"For a sanction to be validly imposed, the conduct in question must in fact be sanctionable under the authority relied upon." *United States v. Stoneberger*, 805 F.2d 1391, 1392 (9th Cir.1986). Accordingly, our analysis considers whether each of these factual bases supports the imposition of sanctions under the legal authorities cited by the district court.

### A.

The district court sanctioned Yagman, in part, because of his characterization of Judge Real's certiorari petition, *Real v. Yagman*, in Yagman's recusal motion. Yagman's initial declaration in support of that motion read in relevant part:

> 3. It is common knowledge, that from May 1984 until at least December 1987, Judge Real and I were involved against one another in a bitter and hard-fought controversy. As the culmination of that controversy, Judge Real sued me *personally* in the United States Supreme Court by seeking a writ of certiorari, in a case titled *Manuel L. Real, etc. v. Stephen Yagman*, No. 87–250. He was represented by counsel, not the United States Attorney, but Joseph Ball, and I was represented by counsel, Ramsey Clark. The petition for certiorari was denied. 484 U.S. 963, 108 S.Ct. 450, 98 L.Ed.2d 390 (1987).

The district court took issue with Yagman's statement "Judge Real sued me *personally....*"

The district court apparently interpreted Yagman's statement to mean that Judge Real had at one time brought a private legal action against Yagman. Because Judge Real has never maintained such a suit, the district court concluded that Yagman's statement was unsupportable and his subsequent failure to clarify it misleading. The court sanctioned Yagman for this conduct under Federal Rule of Civil Procedure 11 ("Rule 11") and the inherent power of the court.

---

motion and they were not provided in conjunction with this appeal. Though Yagman asks us *to take judicial notice of them, we decline to do so.* We note, moreover, that the articles do not support Yagman's claim of bias on the part of Judge Real. Instead, they merely reverberate Yagman's own animosity for the judge.

**4.** The district court's order denying Yagman's motion for recusal also includes an order to show cause why Yagman should not be sanc-

tioned, and a preliminary discussion of the grounds upon which he would be sanctioned. *Yagman,* 136 F.R.D. at 656. In the following discussion, we vacate the subsequent order which actually imposed sanctions on him. Accordingly, to the extent which the district court's recusal order provides the basis upon which Yagman was ultimately sanctioned, we reverse it.

**1.**

Rule 11 requires an attorney to sign a document submitted to the court and thereby attest that the document is "well grounded in fact ... warranted by existing law ... and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R.Civ.P. 11. The rule requires a court to sanction an attorney for a violation of its provisions. *Id.*

 Courts must apply an objective test in assessing whether the rule has been violated. *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 829–32 (9th Cir.1986), *abrogated on other grounds,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). A violation of the rule does not require subjective bad faith. *Id.* We review a district court's application of Rule 11 for an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 2460–61, 110 L.Ed.2d 359 (1990); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir.1992). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell,* 496 U.S. at 405, 110 S.Ct. at 2461.

The district court held that Yagman's statement "Judge Real sued me *personally*" was supported neither by fact nor by law and was, therefore, a violation of Rule 11. Read in isolation, the statement might have meant what the district court assumed it to mean: that Judge Real and Yagman had been involved in a private legal dispute. Looking at the entire motion in which the statement was contained, however, it is clear that the statement does not mean that. The motion explicitly identifies the controversy as *Real v. Yagman,* which was a petition for certiorari to the Supreme Court, and the motion gives the proper citation. Because Judge Real could not have brought such a suit by filing a petition for certiorari in the United States Supreme Court, it is apparent that Yagman was not describing a private lawsuit.

Judge Real's petition for certiorari was carelessly described, but the citation to the legal action specified was given. It was a legal proceeding that could have seriously affected Yagman's rights. By filing the petition, Judge Real sought review of an opinion which vacated his $250,000 sanction against Yagman and ordered the recusal of Judge Real from the matter. We conclude that Yagman's characterization of the petition for certiorari was careless and slovenly legal work. However, taken as a whole, the motion which contained the correct citation to the petition for certiorari was not actually misleading. It plainly identified the controversy upon which Yagman relied. It was not sanctionable under Rule 11.

**2.**

 The district court further held that Yagman was sanctionable under the inherent power of the court for his failure to clarify or substantiate his description of *Real v. Yagman* once it had been presented in the motion.

 Courts are endowed with inherent powers which are necessary to the conduct of their business, including the power to sanction. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980). However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. Nasco,* —— U.S. ——, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991) (citations omitted). Courts may not invoke these powers without a "specific finding of bad faith." *Stoneberger,* 805 F.2d at 1393 (citation omitted). We review a district court's sanction under this legal theory for an abuse of discretion. *Chambers,* —— U.S. at ——, 111 S.Ct. at 2138.

The district court held that Yagman's failure to clarify his statement was in bad faith and therefore sanctionable. It is clear that Yagman's motion was based upon Judge Real's petition for certiorari to the Supreme Court. There is no indication in the record before us that Yagman acted in bad faith or intended to mislead the court by his careless characterization of the

petition. Accordingly, a sanction based upon the court's inherent power is not sustainable here.

## B.

■ The district court also sanctioned Yagman for disobedience of a March 19, 1991 minute order. The court order required Yagman to produce within three days "the complaint and all pleadings" filed in *Real v. Yagman*. Yagman did not provide these documents, but instead filed a timely response, which read:

> 1. There is no complaint and there are no pleadings in that case, and therefore, it is impossible to submit those materials to the Court.
> 2. Plaintiff herein is not in possession of "true cop[ies]" of materials in that case.

Despite the fact that its order did not specifically request the certiorari petition, the district court concluded that Yagman disobeyed the order by filing this response and by failing to produce a copy of the petition for certiorari.

The district court's law clerk read the order to Yagman by telephone on the day it was filed. Though the order specifically requested a "complaint" and "pleadings," the law clerk suggested that the court really sought a copy of Judge Real's certiorari petition and Yagman's response. In the court's view, Yagman knew which documents it sought, but nonetheless evaded compliance. The court apparently sanctioned him for this conduct under 18 U.S.C. § 401(3) (the federal contempt power), its inherent power, and Local Rule 7.5.2.

### 1.

■ Section 401(3) authorizes courts to punish individuals for contempt: "A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority and none other, as— ... (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). "The criminal contempt power enables judges to fine or imprison persons who willfully violate court orders. Intent

is an essential element that must be proved beyond a reasonable doubt." *Federal Trade Comm'n v. American Nat'l Cellular*, 868 F.2d 315, 321 (9th Cir.1989). We review a district court's invocation of the contempt power for an abuse of discretion. *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir.1984).

We conclude that section 401(3) does not support the district court's sanction of Yagman because we are not persuaded that Yagman intentionally disobeyed the court's order. The order specifically requested a complaint and pleadings which did not exist. *Real v. Yagman* was a petition for certiorari, not a civil lawsuit. It was objectively impossible for Yagman to comply with the terms of the written order. Though the court's law clerk may have requested other documents, this request was not part of the court's order and therefore cannot serve as the basis for a finding of contempt. Whether the district court did, or even intended to, invoke the criminal contempt power is doubtful. However, in light of our conclusion, we need not address this question.

Additionally, because we believe that Yagman did not disobey the terms of the court's order, we conclude that the court's sanction of Yagman under the court's inherent power is also an abuse of discretion.

### 2.

■ The district court also held that Yagman's failure to produce the certiorari petition and other documents was a violation of Local Rule 7.5.2. The entire rule states:

> Factual contentions involved in any motion and opposition to motions shall be presented, heard, and determined upon declarations and other written evidence (including documents, photographs, deposition excerpts, etc.) alone, except that the Court may, in its discretion, require or allow oral examination of any declarant or any other witness.

Local Rule 7.5.2.

Under the terms of Local Rule 7 as a whole, failure to comply with its provisions

is sanctionable under Local Rule 27. The district court interpreted Local Rule 7.5.2 to mean that under penalty of sanction, all motions must be sufficiently supported. Because Yagman had not provided the certiorari petition or provided other documentary support for his motion, the court concluded that he had violated the rule.

■ Though we normally accord a district court a "large measure of discretion in interpreting and applying its own local rules," *Los Angeles Memorial Coliseum Comm'n v. City of Oakland*, 717 F.2d 470, 473 (9th Cir.1983) (citation omitted), the court's interpretation and application of Rule 7.5.2 in this case require reversal. The plain meaning of the rule is that motions will be considered on the basis of documentary evidence, rather than oral testimony, unless the judge otherwise orders. The obvious purpose of the rule is to limit the nature and volume of evidence which is offered in support of a motion.

■ The district court supports its interpretation of the rule by underscoring that part of the rule which states that "factual contentions ... *shall be presented....*" The court suggests that the obligatory nature of this language imposes an affirmative duty upon moving parties to support satisfactorily their motions with evidence. We are not persuaded. Normally, the consequence of an inadequately supported motion is that the movant loses. This lack of support does not justify sanctions, unless the motion is made in bad faith. We conclude that the court's sanction on this ground is therefore not sustainable.

### C.

■ The district court's final ground for sanctioning Yagman was his failure to notify the court of a prior motion in which he unsuccessfully sought the recusal of Judge Real because of the same allegations of bias which he alleged in this case. The court concluded that Yagman's failure to do so was a violation of Local Rule 7.13, which requires a party to inform the court if a pending motion has been previously ruled upon by another judge.[5]

On August 28, 1989, following a six-month suspension by the California Supreme Court, Yagman filed a motion with the Central District for reinstatement to the bar of that court, pursuant to local rules. The reinstatement motion was assigned to Judge Real. Yagman subsequently filed a motion to recuse Judge Real from considering his reinstatement. Yagman's recusal request was heard by Judge John G. Davies and denied. During the consideration of the instant matter, Yagman did not inform the district court of his previous recusal motion in the other proceeding.

Notwithstanding our deference to the district court, we must disagree with its application of Local Rule 7.13 in this case. According to the rule, "if any motion ... has been made to any judge of this Court" the moving party must notify the judge if the party files "any subsequent motion for the *same relief* in whole or in part...." Local Rule 7.13 (emphasis added). We are not persuaded that Yagman sought in this recusal motion the "same relief" which he sought in the previous one. Though Yagman may have used similar arguments in each of these motions, the two motions

---

**5.** Rule 7.13 provides:

If any motion, application or petition has been made to any judge of this Court and has been denied in whole or in part or has been granted conditionally or on terms, any subsequent motion for the same relief in whole or in part, whether upon the same or any allegedly different state of facts, shall be presented to the same judge whenever possible. If presented to a different judge, it shall be the duty of the moving party to file and serve a declaration setting forth the material facts and circumstances as to each prior motion, in-

cluding the date and judge involved in the prior motion, the ruling, decision, or order made, and the new or different facts or circumstances claimed to exist which did not then exist or were not shown upon such prior motion. Any failure to comply with the foregoing requirements shall be the basis for setting aside any order made on such subsequent motion, either sua sponte or on motion or application, and the offending party or attorney may be subject to the sanctions provided by Local Rule 27.

were filed in entirely unrelated cases. In the first case, Yagman sought the recusal of Judge Real from Yagman's reinstatement proceeding. In the present case, Yagman sought Judge Real's recusal from a civil action in which Yagman was plaintiff and counsel.

The obvious purpose of Rule 7.13 is to prevent judge shopping for rulings on motions in the same case. In other words, the rule creates a disincentive for parties to refile unsuccessful motions in the same action, hoping to have them reconsidered by a more amenable judge. Yagman's filing of a recusal motion in two different and unrelated cases does not implicate this kind of abuse. For these reasons, we conclude that the district court abused its discretion by sanctioning Yagman under Local Rule 7.13.

## IV.

## CONCLUSION

The denial of Yagman's recusal motion in this case is affirmed. The sanctions against Yagman are vacated. Yagman will bear his own costs in this appeal.

AFFIRMED in part, VACATED in part.