129 F.3d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LIFECARE ACQUISITION CORP, a Florida corporation, Plaintiff-Appellant,
v.
Hermann E. LORENZ; American Arbitration Association, M.P.
Allen General Contractors, Inc., Defendants-Appellees.
 No. 96-16957.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997.**
Filed Nov. 6, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. No. CV-95-02341-EJG/JFM; Edward J. Garcia, District Judge, Presiding.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lifecare Acquisition Corp. appeals the district court's dismissal of its action and denial of its recusal motion. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal for lack of subject matter jurisdiction. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). We review a district court's denial of a motion for recusal for an abuse of discretion. See United States v. Monaco, 852 F.2d 1143, 1147 (9th Cir.1988). We affirm.
 
 
 3
 The district court properly dismissed Lifecare's action for lack of jurisdiction because its 42 U.S.C. § 1983 action was a collateral challenge to the state court's confirmation of the arbitration award. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983) (holding that federal district courts may not exercise appellate jurisdiction over state court decisions); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). This rule applies even when the challenge to the state court's action involves federal constitutional issues. See Feldman, 460 U.S. at 484-86; Worldwide Church of God v. McNair, 805 F.2d 888, 892-93 (9th Cir.1986).
 
 
 4
 Lifecare's contention that the district court abused its discretion by denying a motion for recusal, based on the fact that defendants' counsel's son was a summer extern in the judge's chambers, is without merit. See Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir.1993) (concluding that recusal is only appropriate where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be questioned). The record indicates that the district court shielded the extern from the case.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Lifecare's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3