**Michael Allen SWEET, Plaintiff—Appellant,**

v.

**Steve MAGARIAN; et al., Defendants—Appellees.**

**No. 02–15664.**

**D.C. No. CV–99–5131–HGB.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 12, 2002.

Before GOODWIN, TROTT and GRABER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Sweet's request for oral argument is denied.

MEMORANDUM ***

Michael Allen Sweet, a California state prisoner, appeals pro se the magistrate judge's summary judgment for the defendants in his 42 U.S.C. § 1983 action alleging that defendants violated his constitutional rights by placing him in restrictive housing without a hearing, and by subjecting him to camera surveillance in the shower as a pretrial detainee at Fresno County Jail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal for failure to state a claim and summary judgment, *Barnett v. Centoni,* 31 F.3d 813, 815, 816 (9th Cir.1994) (per curiam), and we affirm.

The magistrate judge properly granted summary judgment to the defendants on Sweet's due process claim. Sweet failed to raise a genuine issue of material fact to dispute that he was placed in administrative segregation based on his classification status, not as a punitive measure and, therefore was not entitled to a hearing. *See Hewitt v. Helms,* 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983) (holding that there is no right to due process prior to re-classification to a higher level of security for non-punitive administrative reasons); *Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (noting that prisoners have no constitutional right to receive a particular security classification).

The magistrate judge properly dismissed Sweet's right to privacy claim because Sweet did not allege facts to indicate that the surveillance was "excessive, vindictive, harassing, or unrelated to any legitimate penological interest." *See Mi-*

---

**420**

*chenfelder v. Sumner,* 860 F.2d 328, 332 (9th Cir.1988); *see also Somers v. Thurman,* 109 F.3d 614, 620 (9th Cir.1997) (concluding that occasional viewing of unclothed male prisoners by female correctional officers does not violate the Fourth Amendment right to privacy); *Grummett v. Rushen,* 779 F.2d 491, 494 (9th Cir. 1985) (upholding female guards' restricted observation of male prisoners for the purpose of maintaining prison security).

The magistrate judge did not abuse his discretion by denying Sweet's motion for recusal because Sweet's conclusory allegations of bias failed to establish legally sufficient grounds for recusal. *See Yagman v. Republic Ins.,* 987 F.2d 622, 626–27 (9th Cir.1993) (concluding that speculative assertions of invidious motive are insufficient to show judicial bias).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.