**Cleveland J. DANIELS, Plaintiff–Appellant,**

v.

**INTERNATIONAL LONGSHORE-MEN'S AND WAREHOUSEMEN'S AND WARENHOUSEMEN'S UNION, LOCAL 10, Defendant–Appellee.**

**Cleveland J. Daniels, Plaintiff–Appellant,**

v.

**Pacific Maritime Association, Defendant–Appellee.**

Nos. 02–16717, 02–16891.
D.C. Nos. CV–01–00871–MJJ, CV–01–00872–MJJ.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 15, 2003.

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM**

Cleveland J. Daniels, Jr., appeals pro se the district court's summary judgment in his consolidated actions alleging race and disability discrimination. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1219–20 (9th Cir.1998), and affirm.

Because Daniels failed to present evidence sufficient to show that defendants' proffered reasons for removing him from the dispatch list were pretextual, the district court properly granted summary judgment on his race discrimination claims. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062–63 (9th Cir. 2002) (stating standard for disparate treatment claim).

Because Daniels's evidence did not show that he was substantially limited in any major life activity, the district court properly granted summary judgment on his disability discrimination claim. *See Thompson v. Holy Family Hosp.*, 121 F.3d 537, 539–40 (9th Cir.1997) (per curiam).

Because Daniels failed to show that allowing additional discovery would have precluded summary judgment, the district court did not abuse its discretion by denying Daniels's request for additional discovery. *See* Fed.R.Civ.P. 56(f); *see Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 844 (9th Cir.1994).

Daniels's conclusory allegations that the district court's decision was motivated by bias and malice are unavailing. *See Yagman v. Republic Ins.*, 987 F.2d 622, 626–27

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Daniels's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(9th Cir.1993) (concluding that speculative assertions of invidious motive are insufficient to show judicial bias).

Daniels's remaining contentions lack merit.

**AFFIRMED.**