**Betty JONES, Plaintiff—Appellee,**

v.

**Willie WILLIAMS, et al., Defendants,**

**Paul N. Paquette, Appellant,**

No. 02–56015.

**D.C. No. CV–95–03695–CBM.**

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2003.*

Decided July 8, 2003.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2)(B) & (C).

858

Before TASHIMA, BERZON, and CLIFTON, Circuit Judges.

MEMORANDUM**

Defense attorney Paul Paquette appeals the district court's imposition of contempt sanctions in the form of a reprimand and a $500 fine for alleged violation of a pre-trial order. Because the parties are familiar with the facts, we recount them here only as necessary. We reverse.

The sanctions were imposed in response to a motion brought by Plaintiff. Plaintiff argued that Paquette had intentionally vio-

** This disposition is not appropriate for publication and may not be cited to or by the

lated what Plaintiff described as the district court's "explicit, pre-trial order that he not attempt to ask questions that would be prejudicial without first seeking permission from the court to do so," when he asked a witness whether he was a member of a specified street gang without first seeking permission from the court. (Plaintiff's objection to that question was sustained.) On the day the jury returned a verdict for defendants, Plaintiff petitioned the district court to sanction Paquette for the improper questioning.

Nineteen months later (and after two more filings by Plaintiff seeking the imposition of sanctions), the district court granted Plaintiff's motion, publicly reprimanded Paquette, and sanctioned him $500. The order stated that the court had:

> ordered, prior to trial, that there be no reference to "gang affiliation" without the court's permission.... Defense counsel failed to follow this procedure, thereby violating the Court's order. The Court understood and expected counsel to tailor his questioning of witnesses to avoid eliciting testimony regarding "gang affiliation." The Court believes that defense counsel understood that this was the procedure to be followed.... The Court believes that counsel's conduct was deliberate and intentional.

A court's imposition of sanctions under its inherent power is reviewed for abuse of discretion. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 55, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). "To insure that restraint is properly exercised, we have routinely insisted upon a finding of bad faith before sanctions may be imposed under the court's inherent power." *Zambrano v. City of Tustin,* 885 F.2d 1473, 1478 (9th Cir.1989); *accord Yagman v. Republic Ins.,* 987 F.2d

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

622, 628 (9th Cir.1993) ("Courts may not invoke these powers without a 'specific finding of bad faith.'") (internal citations omitted).

Since the district court did not specify the authority under which sanctions were imposed, we assume that the court was exercising its inherent powers, which "derive from the absolute need of a trial judge to maintain order and preserve the dignity of the court." *Id.* The district court made no explicit finding of bad faith. Nor, for that matter, does the record as a whole support any finding of bad faith. *See In re Keegan Mgmt. Co., Sec. Litig.,* 78 F.3d 431, 436 (9th Cir.1996).

As far as we can determine,[1] the record contains no pretrial order as clear as that described in the sanctions order, forbidding references to gang affiliation without permission from the court. That understanding is apparently based on an order made from the bench at a pretrial conference held on September 12, 2000:

> The court does not expect that counsel would mention it [the background of the police search warrant, which related to gang activity] in the opening statement, nor ask a question of a witness on this subject, nor would the witness volunteer information on this subject until the court has had an opportunity to address the issue. So, what the court is ordering is that you would put the court on notice that "I plan to raise this issue." The court would then be able to explore that issue and would be able to issue a ruling thereon.

The somewhat imprecise nature of this order may have made it possible for both attorneys to play fast and loose with the court's intended ruling. In any event, prior to the alleged misconduct by defense counsel, Plaintiff's attorney had himself elicited gang-related testimony in the first few days of trial without first seeking permission from the court. ER 42–43, 47–50. Paquette asserts that he believed this opened the door to such testimony. Given the vague nature of the pretrial order, the questioning by Plaintiff's attorney precludes a finding that Paquette knew at the time that he posed the offending question that asking the question without obtaining prior permission from the court would violate the order. The record therefore does not support a bad faith finding.

The Order re Plaintiff's "Motion for an Order Adjudging Defense Counsel in Contempt and Imposing Sanctions on Him," filed May 13, 2002, which imposed the sanctions at issue, is therefore RE-VERSED.

---

1. Our task has not been made easier by the apparent loss of interest in these proceedings on the part of Plaintiff's attorney. Though Plaintiff's counsel affirmatively sought entry of a sanctions award against Paquette and pursued that goal with some vigor before the district court, the answering brief filed in this court was only one sentence long and was entirely unhelpful, adding nothing other than a request that fees on appeal be awarded to Plaintiff. Under the circumstances, we seek support for the district court's order only in the recorded material identified in Plaintiff's moving papers below.