**Tom HALE, Appellant,**

v.

**UNITED STATES TRUSTEE, Appellee,**

and

**L.D. Fitzgerald; et al.**

No. 05–35460.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 17, 2006.

Tom Hale, Shelley, ID, pro se.

Gary L. McClendon, Esq., Boise, ID, for Appellee.

Before: HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Tom Hale, a licensed attorney, appeals pro se from the district court's order affirming a bankruptcy court's order sanctioning him in the amount of $1,397.00 for failing to appear at two scheduled hearings. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's decision on appeal from a bankruptcy court. *Dawson v. Washington*

*Mut. Bank, F.A.* (*In re Dawson*), 390 F.3d 1139, 1145 (9th Cir.2004). We review for abuse of discretion a bankruptcy court's decision to impose sanctions. *Hansbrough v. Birdsell* (*In re Hercules Enters., Inc.*), 387 F.3d 1024, 1027 (9th Cir.2004). We affirm.

The bankruptcy court did not abuse its discretion in sanctioning Hale for failing to appear at a hearing set (with Hale's concurrence) for September 16, 2003, and for also failing to appear at a subsequent "show cause" hearing on October 14, 2003. *See Caldwell v. Unified Capital Corp.* (*In re Rainbow Magazine, Inc.*), 77 F.3d 278, 283–85 (9th Cir.1996) (holding that bankruptcy courts have inherent power to sanction and affirming sanctions imposed by bankruptcy court against a nonparty). Hale's conclusory contention that the bankruptcy judge was impermissibly biased against him is unavailing. *See Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir.1993) (concluding that mere speculative assertions of invidious motive are insufficient to show judicial bias).

Hale's remaining contentions lack merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.