UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TIMOTHY G. RILEY,

        Plaintiff-Appellant,

  v.

VOLKSWAGEN GROUP OF AMERICA,
INC., DBA Volkswagen of America, Inc., a
New Jersey corporation; VOLKSWAGEN
AG,

        Defendants-Appellees.

No.   20-15882

D.C. No. 3:17-cv-02897-CRB
Northern District of California,
San Francisco

ORDER

LUKE G. SANWICK; KATHRYN
SANWICK,

        Plaintiffs-Appellants,

  v.

VOLKSWAGEN GROUP OF AMERICA,
INC., DBA Volkswagen of America, Inc., a
New Jersey corporation; VOLKSWAGEN
AG,

        Defendants-Appellees.

No.   20-15884

D.C. No. 3:17-cv-03032-CRB

RICHARD V. ORTIZ; VIRGINIA TORRES
ORTIZ,

        Plaintiffs-Appellants,

  v.

No.   20-15885

D.C. No. 3:18-cv-06951-CRB

VOLKSWAGEN GROUP OF AMERICA, INC., DBA Volkswagen of America, Inc., a New Jersey corporation; VOLKSWAGEN AG,

        Defendants-Appellees.

JULIA ROBERTSON,

        Plaintiff-Appellant,

  v.

VOLKSWAGEN GROUP OF AMERICA, INC., DBA Volkswagen of America, Inc., a New Jersey corporation; VOLKSWAGEN AG,

        Defendants-Appellees.

No.   20-15886

D.C. No. 3:18-cv-06956-CRB

BYRON CLENDENEN,

        Plaintiff-Appellant,

  v.

VOLKSWAGEN GROUP OF AMERICA, INC., DBA Volkswagen of America, Inc., a New Jersey corporation; VOLKSWAGEN AG,

        Defendants-Appellees.

No.   20-15887

D.C. No. 3:18-cv-07040-CRB

SCOTT SALZER,

        Plaintiff-Appellant,

No.   20-15889

D.C. No. 3:18-cv-07050-CRB

2

|  |  |
|---|---|
| v. | |
| VOLKSWAGEN GROUP OF AMERICA, INC., DBA Volkswagen of America, Inc., a New Jersey corporation; VOLKSWAGEN AG, | |
| Defendants-Appellees. | |

|  |  |
|---|---|
| KENNETH J. COON; MARIA E. COON, | No. 20-15890 |
| Plaintiffs-Appellants, | D.C. No. 3:18-cv-06966-CRB |
| v. | |
| VOLKSWAGEN GROUP OF AMERICA, INC., DBA Volkswagen of America, Inc., a New Jersey corporation; VOLKSWAGEN AG, | |
| Defendants-Appellees. | |

Before: GOULD and COLLINS, Circuit Judges, and EZRA,[*] District Judge.

The memorandum disposition in the above-captioned matter filed on October 18, 2022, is amended as follows:

On page 4, footnote 1, change <filed concurrently with this memorandum disposition> to < filed concurrently with the original memorandum disposition>.

---

[*] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

On page 4, replace <Song-Beverly Claims Act> with <Song-Beverly Consumer Warranty Act>.

On page 5, replace <As applied to automobiles, the implied warranty of merchantability is breached by "a defect that is so basic it renders the vehicle unfit for its ordinary purpose of providing transportation." *Am. Suzuki Motor Corp. v. Super. Ct.*, 37 Cal. App. 4th 1291, 1296 (Ct. App. 1995).> with <Under the Act, "'[i]mplied warranty of merchantability' . . . means that the consumer goods meet each of the following: (1) Pass without objection in the trade under the contract description. (2) Are fit for the ordinary purposes for which such goods are used. (3) Are adequately contained, packaged, and labeled. (4) Conform to the promises or affirmations of fact made on the container or label." Cal. Civ. Code § 1791.1(a). "[T]he plain language of section 1791.1 provides that goods which fail to meet any of the four conditions listed therein are in breach of the implied warranty" under the Act. *DeNike v. Mathew Enter., Inc.*, 76 Cal. App. 5th 371, 384 (2022), *review denied* (June 15, 2022). The first two conditions "overlap to some degree" and "fitness for the ordinary purpose" "is shown if the product is in safe condition and substantially free of defects. Thus, a new car need not be perfect in every detail; rather, its implied merchantability requires only that a vehicle be reasonably suited for ordinary use." *Brand v. Hyundai Motor Am.*, 226 Cal. App. 4th 1538, 1546 (2014), *as modified on denial of reh'g* (July 16, 2014) (internal citation and quotation omitted).>.

4

On page 5, after <summary judgment> insert <as to the first two conditions>.

On page 5, after <transportation.> in a new paragraph insert <As to the third and fourth labeling conditions of the Song-Beverly Act, the district court misstated the law in rejecting those claims on the basis that "mislabeling alone cannot render a product unmerchantable."  The statute is clear: a consumer good must meet "each" of the conditions or else it breaches the implied warranty of merchantability under the Song-Beverly Act.  § 1791.1(a); *see DeNike*, 76 Cal. App. 5th at 384.  Appellants argue that Volkswagen mislabeled the vehicles with stickers on the engine saying that the vehicles complied with EPA and California Air Resources Board standards and by marketing the vehicles as "green."  *See* § 1791.1(a)(4).

Information on "[a]n owner's manual or a 'specs' sticker may be relevant to express warranty claims, but neither has anything to do with 'promises or affirmations of fact made on the container or label,' . . . for purposes of establishing a breach of implied warranty," especially when the consumer never sees the text of the manual or sticker.  *Simgel Co. v. Jaguar Land Rover N. Am., LLC*, 55 Cal. App. 5th 305, 320 (2020) (citation omitted).  Likewise here, marketing promises and an emissions compliance sticker under the hood of the car are not labels under the implied warranty provision of the Song-Beverly Act, especially since the Appellants never saw the compliance stickers.  *See id*.  Thus, the cars do not qualify for relief under the Song-Beverly Act.  We affirm the district court's dismissal of this claim.>.

On page 6, footnote 2, change <we need not and will not address> to < we need not and do not address>.

On page 6, after the sentence <We conclude that Volkswagen's correction offer was not "appropriate" because it barred the Appellants' ability to bring their other claims arising outside of the CLRA.> add the sentence <We reverse the district court's dismissal of the CLRA claim and remand because Volkswagen did not offer an appropriate correction.>.

On page 9, change <AFFIRMED> to <AFFIRMED IN PART, REVERSED IN PART, and REMANDED>.

With these amendments, the panel unanimously voted to deny the petition for panel rehearing. The petition for rehearing is **DENIED**. No future petitions for rehearing or rehearing en banc will be entertained.

**IT IS SO ORDERED.**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY G. RILEY,<br><br>       Plaintiff-Appellant,<br><br>  v.<br><br>VOLKSWAGEN GROUP OF AMERICA,<br>INC., DBA Volkswagen of America, Inc., a<br>New Jersey corporation; VOLKSWAGEN<br>AG,<br><br>       Defendants-Appellees. | No.   20-15882<br><br>D.C. No. 3:17-cv-02897-CRB<br><br>AMENDED MEMORANDUM* |
| LUKE G. SANWICK; KATHRYN<br>SANWICK,<br><br>       Plaintiffs-Appellants,<br><br>  v.<br><br>VOLKSWAGEN GROUP OF AMERICA,<br>INC., DBA Volkswagen of America, Inc., a<br>New Jersey corporation; VOLKSWAGEN<br>AG,<br><br>       Defendants-Appellees. | No.   20-15884<br><br>D.C. No. 3:17-cv-03032-CRB |
| RICHARD V. ORTIZ; VIRGINIA TORRES | No.   20-15885 |

---

      *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ORTIZ,

        Plaintiffs-Appellants,

  v.

VOLKSWAGEN GROUP OF AMERICA,
INC., DBA Volkswagen of America, Inc., a
New Jersey corporation; VOLKSWAGEN
AG,

        Defendants-Appellees.

D.C. No. 3:18-cv-06951-CRB

---

JULIA ROBERTSON,

        Plaintiff-Appellant,

  v.

VOLKSWAGEN GROUP OF AMERICA,
INC., DBA Volkswagen of America, Inc., a
New Jersey corporation; VOLKSWAGEN
AG,

        Defendants-Appellees.

No.   20-15886

D.C. No. 3:18-cv-06956-CRB

---

BYRON CLENDENEN,

        Plaintiff-Appellant,

  v.

VOLKSWAGEN GROUP OF AMERICA,
INC., DBA Volkswagen of America, Inc., a
New Jersey corporation; VOLKSWAGEN
AG,

No.   20-15887

D.C. No. 3:18-cv-07040-CRB

Defendants-Appellees.

SCOTT SALZER,

   Plaintiff-Appellant,

 v.

VOLKSWAGEN GROUP OF AMERICA, INC., DBA Volkswagen of America, Inc., a New Jersey corporation; VOLKSWAGEN AG,

   Defendants-Appellees.

No. 20-15889

D.C. No. 3:18-cv-07050-CRB

KENNETH J. COON; MARIA E. COON,

   Plaintiffs-Appellants,

 v.

VOLKSWAGEN GROUP OF AMERICA, INC., DBA Volkswagen of America, Inc., a New Jersey corporation; VOLKSWAGEN AG,

   Defendants-Appellees.

No. 20-15890

D.C. No. 3:18-cv-06966-CRB

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted December 10, 2021
San Francisco, California

Before: GOULD and COLLINS, Circuit Judges, and EZRA,[**] District Judge.

These appeals arise from nationwide litigation related to emissions defeat devices installed in certain Volkswagen and Audi vehicles. Appellants bought or leased these vehicles and opted out of related class action litigation to assert their claims individually. Appellants appeal the district court's determination that they did not qualify for relief under the Song-Beverly Consumer Warranty Act because the cars were "merchantable." Appellants also contest the district court's rulings during and after the trial rejecting their California Legal Remedies Act ("CLRA") claims. Appellants further challenge certain evidentiary rulings made by the district court. Appellants finally challenge the district court judge's decision not to recuse himself. We discuss each argument in turn.[1]

1. The district court granted summary judgment dismissing Appellants' Song-Beverly Act claims, Cal. Civ. Code §§ 1790 *et seq*, because the cars were merchantable and did not qualify for relief under the statute. We agree.

We review *de novo* the granting of summary judgment. *Peters v. Burlington Northern R. Co.*, 931 F.2d 534, 537 (9th Cir. 1990). Under the Song-Beverly Act, sales of consumer goods in California "shall be accompanied by the manufacturer's

---

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

[1] We address the issue of punitive damage calculations in a separate published opinion filed concurrently with the original memorandum disposition.

and the retail seller's implied warranty that the goods are merchantable." Cal. Civ. Code § 1792. Under the Act, "'[i]mplied warranty of merchantability' . . . means that the consumer goods meet each of the following: (1) Pass without objection in the trade under the contract description. (2) Are fit for the ordinary purposes for which such goods are used. (3) Are adequately contained, packaged, and labeled. (4) Conform to the promises or affirmations of fact made on the container or label." Cal. Civ. Code § 1791.1(a). "[T]he plain language of section 1791.1 provides that goods which fail to meet any of the four conditions listed therein are in breach of the implied warranty" under the Act. *DeNike v. Mathew Enter., Inc.*, 76 Cal. App. 5th 371, 384 (2022), *review denied* (June 15, 2022). The first two conditions "overlap to some degree" and "fitness for the ordinary purpose" "is shown if the product is in safe condition and substantially free of defects. Thus, a new car need not be perfect in every detail; rather, its implied merchantability requires only that a vehicle be reasonably suited for ordinary use." *Brand v. Hyundai Motor Am.*, 226 Cal. App. 4th 1538, 1546 (2014), *as modified on denial of reh'g* (July 16, 2014) (internal citation and quotation omitted).

We have previously held that the affected cars "were still functional and safe to drive." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 895 F.3d 597, 608 (9th Cir. 2018). Likewise here, the district court properly granted summary judgment as to the first two conditions because Appellants did not

5

raise a genuine issue of material fact that the vehicles with the emissions defeat devices were not fit for providing transportation.

As to the third and fourth labeling conditions of the Song-Beverly Act, the district court misstated the law in rejecting those claims on the basis that "mislabeling alone cannot render a product unmerchantable." The statute is clear: a consumer good must meet "each" of the conditions or else it breaches the implied warranty of merchantability under the Song-Beverly Act. § 1791.1(a); *see DeNike*, 76 Cal. App. 5th at 384. Appellants argue that Volkswagen mislabeled the vehicles with stickers on the engine saying that the vehicles complied with EPA and California Air Resources Board standards and by marketing the vehicles as "green." *See* § 1791.1(a)(4).

Information on "[a]n owner's manual or a 'specs' sticker may be relevant to express warranty claims, but neither has anything to do with 'promises or affirmations of fact made on the container or label,' . . . for purposes of establishing a breach of implied warranty," especially when the consumer never sees the text of the manual or sticker. *Simgel Co. v. Jaguar Land Rover N. Am., LLC*, 55 Cal. App. 5th 305, 320 (2020) (citation omitted). Likewise here, marketing promises and an emissions compliance sticker under the hood of the car are not labels under the implied warranty provision of the Song-Beverly Act, especially since the Appellants

6

never saw the compliance stickers. *See id.* Thus, the cars do not qualify for relief under the Song-Beverly Act. We affirm the district court's dismissal of this claim.

2. The district court dismissed Appellants' CLRA damages claims because it concluded that Volkswagen's offer for Appellants to rejoin the class action settlement was an "appropriate correction." *See* Cal. Civ. Code § 1782(b). Appellants argue that this was error. We agree.

The CLRA states, in relevant part, that "no action for damages may be maintained under Section 1780 if an *appropriate correction*, repair, replacement, or other remedy is given, or agreed to be given within a reasonable time, to the consumer within 30 days after receipt of the notice." Cal. Civ. Code § 1782(b) (emphasis added). A settlement offer that contains a broad release of all claims, beyond the CLRA claims, is not an "appropriate correction." *Valdez v. Seidner-Miller, Inc.*, 33 Cal. App. 5th 600, 616 (2019), *review denied* (June 26, 2019).

Here, Volkswagen gave a class settlement offer that, *inter alia*, required Appellants to waive all claims, not just those arising under the CLRA. We conclude that Volkswagen's correction offer was not "appropriate" because it barred the Appellants' ability to bring their other claims arising outside of the CLRA.[2] We

---

[2] Appellants argue that the district court's decision did not comply with the CLRA for various other reasons. Because we hold that the class settlement offer was not an appropriate correction under the CLRA, we need not and do not address Appellants' other CLRA arguments.

reverse the district court's dismissal of the CLRA claim and remand because Volkswagen did not offer an appropriate correction.

3. Appellants contend that the district court abused its discretion by permitting and excluding certain evidence on damages based on the finding that there was a market value for the cars after the emissions defeat devices were discovered. Specifically, Appellants claim that the district court improperly allowed Volkswagen's expert to present testimony that assumed the existence of a post-sale market for the vehicles. Further Appellants claim that the district court erred by precluding evidence that the vehicles had no fair market value, the vehicles were not legal when sold, and Appellants would not have purchased the cars but for the fraud. Appellants contend that this testimony showed that they were entitled to the full value of their vehicles at their time of purchase. We disagree.

We review evidentiary rulings for an abuse of discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997). The district court did not abuse its discretion in barring evidence that it was illegal to sell the vehicles at issue, nor in concluding that the vehicles with emissions defeat devices still had unmistakable market value. Indeed, Appellant Riley sold his vehicle for $10,000 in 2016 after the discovery of the emissions defeat device.

Further, the trial court did not abuse its discretion by limiting Appellants' testimony regarding their own, subjective value of the cars. *See Mackie v. Rieser*,

296 F.3d 909, 917 (9th Cir. 2002) (holding that market value is an objective measure, not subjective).

4. Appellants assert that the district court erred by excluding jury instructions on reliance damages under California Civil Instructions No. 1923. Specifically, Appellants contend that the court improperly modified the jury instructions *sua sponte*, "striking the language permitting recovery of amounts reasonably spent in reliance on the fraud."

We review the district court's formulation of jury instructions for abuse of discretion and review *de novo* whether the instructions accurately state the law. *See Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 941 (9th Cir. 2011). A party is entitled to a jury instruction on a particular theory of damage only if the trial evidence provides a sufficient factual basis for invoking that theory. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("A party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence."). Because Appellants did not provide a sufficient factual predicate to warrant giving an instruction on the theory of reliance damages, the district court did not abuse its discretion in modifying the jury instructions.

Appellants also did not show that a reliance upon Volkswagen's fraud caused additional damages beyond the compensatory damages determined by the district court. The evidence and proceedings showed no differences in the costs incurred

9

from owning a normal car as compared to owning a vehicle with the emissions defeat device.

Appellants argue that they would have acted differently if they had known that the defeat devices were present. But they did not show any quantifiable damages incurred in reliance on the affected vehicles. Because Appellants did not show that they incurred reliance damages, we hold that the district court did not err in not instructing on reliance damages.

5. Appellants contend that that the district court judge, Judge Breyer, should have recused himself because his opinions on the issues in this case were formed in the separate, yet related, class action proceedings held in multidistrict litigation. We reject Appellants claim, which we determine is entirely without merit.

We review a district court's denial of recusal for an abuse of discretion. *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). A federal judge must recuse when, among other things, the judge's "impartiality might reasonably be questioned" or if the judge has a personal bias "or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a)(b)(1). However, "[p]arties cannot attack a judge's impartiality on the basis of information and beliefs acquired while acting in his or her judicial capacity." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012).

Here, the knowledge Judge Breyer developed in the related Volkswagen litigation was gained through proper juristic proceedings. That does not require recusal. Further, the district judge's comments on the record show no predisposition toward one side or another in the case. Finally, to the extent that Appellants argue recusal was required because of Judge Breyer's adverse rulings, "judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion," *Liteky v. United States*, 510 U.S. 540, 555 (1994), and do not do so here.

Further, another judge must be assigned to the case if a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Here, Judge Breyer did not abuse his discretion in declining to refer the case because the affidavit was insufficient, and it was not timely filed. We reject in full the contentions that Judge Breyer should have recused in this case.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED**

11