**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

AUG 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MEGAN RUST, M.D., an individual, | No.   23-55186 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 3:21-cv-00885-BEN-BLM |
| LABORATORY CORPORATION OF AMERICA HOLDINGS, a business entity, exact form unknown, DOES 1 THROUGH 20, Inclusive, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted August 23, 2024[**]
San Francisco, California

Before:  WALLACE, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Plaintiff-Appellant Dr. Megan Rust appeals pro se from the district court's

summary judgment in favor of Defendant-Appellee Laboratory Corporation of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

America Holdings (Labcorp) in her action alleging five California state-law contract claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review the district court's grant of summary judgment on the contract claims de novo," *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1078 (9th Cir. 1999), and we affirm.

We discuss two threshold matters at the outset. First, we decline to address Dr. Rust's argument that this action concerns whistleblower retaliation because she raises it for the first time on appeal and "an appellate court will not consider issues not properly raised before the district court." *Greisen v. Hanken*, 925 F.3d 1097, 1115 (9th Cir. 2019), quoting *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).[1] Second, Labcorp's submission of excerpted deposition transcripts, rather than complete transcripts, in support of its summary-judgment motion was entirely appropriate. *See* Fed. R. Civ. P. 56(c)(1)(A) (emphases added) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion *by citing to particular parts of materials* in the record, *including depositions*.") Dr. Rust has neither produced evidence to controvert Labcorp's evidence nor identified any specific material information in the omitted portions of the transcripts creating a genuine dispute. *See Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990) (internal

---

[1] The three narrow exceptions to this general rule do not apply here. *See United States v. Flores-Montano*, 424 F.3d 1044, 1047 (9th Cir. 2005) (stating that a court may exercise its discretion to review newly presented issues when there are exceptional circumstances, a change in law while appeal was pending, or when the issue is a pure issue of law and the opposing party will suffer no prejudice).

citations and quotations omitted, emphases added) ("[I]f the party moving for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrates the absence of any genuine issues of material fact, then the *nonmoving party must set forth*, by affidavit or as otherwise provided in Rule 56, *specific facts* showing that there is a genuine issue for trial."); *Forsberg v. Pac. N.W. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988) ("[T]he district judge is not required to comb the record to find some reason to deny a motion for summary judgment."); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

The district court did not err in granting summary judgment on Dr. Rust's first claim, breach of contract. *See Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (2014) (stating the elements of such a claim under California law). The district court properly concluded that extrinsic evidence—in the form of Dr. Rust's acquisition of full-time malpractice insurance coverage and LabCorp's supposed, but uncorroborated, oral statements contracting Dr. Rust for full-time work—was barred under the parol evidence rule because the parties executed a written, integrated agreement for "part-time professional pathology services, as requested." *See Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n.*, 55 Cal. 4th 1169, 1174 (2013) ("[W]hen parties enter an integrated written agreement, extrinsic

evidence may not be relied upon to alter or add to the terms of the writing.").

Dr. Rust waived any argument of error regarding summary judgment on her second claim, breach of the implied covenant of good faith and fair dealing, because her summary-judgment briefing affirmatively conceded that no genuine dispute of material fact existed with respect to this claim. *See USA Petroleum Co. v. Atl. Richfield Co.*, 13 F.3d 1276, 1284 (9th Cir. 1994) ("It is a general rule that a party cannot revisit theories that it raises but abandons at summary judgment."); *Greisen*, 925 F.3d at 1115.

The district court did not err in granting summary judgment on Dr. Rust's third claim, intentional interference with prospective economic advantage. *See Roy Allan Slurry Seal, Inc. v. Amer. Asphalt S.*, 2 Cal. 5th 505, 512 (2017) (stating the elements of such a claim under California law); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003) (explaining that California law also requires a defendant's action be "independently wrongful" from the interference). Dr. Rust's "conclusory, self-serving" deposition testimony that Labcorp interfered with another business opportunity, standing alone, "lack[s] detailed facts and any supporting evidence," so it "is insufficient to create a genuine issue of material fact." *See FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

The district court did not err in granting summary judgment on Dr. Rust's fourth and fifth claims, intentional and negligent misrepresentation. *See Chapman*

*v. Skype Inc.*, 220 Cal. App. 4th 217, 230–31 (2013) (stating the elements of an intentional-misrepresentation claim under California law); *Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (1986) (stating the elements of a negligent-misrepresentation claim under California law). Dr. Rust does not point to evidence in the record, other than her own declaration, showing a triable issue of a material fact. Therefore, Dr. Rust has thus not shown a genuine dispute that would preclude the entry of summary judgment. *See Anderson*, 477 U.S. at 248; *Publ'g Clearing House*, 104 F.3d at 1171.

There is no evidence that the district judge exhibited bias or engaged in judicial misconduct. *See Yagman v. Republic Ins.*, 987 F.2d 622, 626–27 (9th Cir. 1993) (concluding that speculative assertions of judge's motive are insufficient to show judicial bias); *United States v. McChesney*, 871 F.3d 801, 807 (9th Cir. 2017), quoting *Liteky v. United States*, 510 U.S. 540, 555–56 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

**AFFIRMED.**