Ronald L. **BASKETT**, Plaintiff–Appellant,

v.

Kenneth **QUINN**, Superintendent, Twin Rivers Corrections Center, Defendant.

No. 06–35387.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.*

Filed March 21, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

⟐~1838

Ronald L. Baskett, Monroe, WA, pro se.

Before: KOZINSKI, LEAVY, and
BYBEE, Circuit Judges.

### MEMORANDUM **

Washington state prisoner Ronald L.
Baskett appeals pro se from the district
court's judgment dismissing his 42 U.S.C.
§ 1983 action. We have jurisdiction under
28 U.S.C. § 1291. We review de novo a
dismissal under 28 U.S.C. § 1915(e) for
failure to state a claim. *See Barren v.
Harrington,* 152 F.3d 1193, 1194 (9th Cir.
1998) (order). We review for abuse of
discretion a dismissal for failure to comply
with an order requiring the timely submis-
sion of an amended complaint. *See Ferdik*

*v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir.
1992). We affirm.

■ As the April 18, 2006 dismissal
order incorporated the prior order dis-
missing with leave to amend, we review
the prior order to the extent it affected the
final judgment. *See Chacon v. Wood,* 36
F.3d 1459, 1467 (9th Cir.1994). The dis-
trict court properly concluded Baskett
failed to state a claim because the com-
plaint failed to allege defendant's personal
involvement in an Eighth Amendment vio-
lation and the doctrine of respondeat supe-
rior is not applicable. *See Bonner v. Lew-
is,* 857 F.2d 559, 566 (9th Cir.1988).
Moreover, because the district court ad-
vised Baskett how to cure the complaint's
deficiencies, warned him that the action
would be dismissed if he failed to file an
amended complaint, and dismissed the ac-
tion without prejudice to the filing of a
new action, the court did not abuse its
discretion in dismissing Baskett's action.
*See Ferdik,* 963 F.2d at 1260–61.

■ The district court also properly de-
termined the dismissal counts as a strike
under 28 U.S.C. § 1915(g). *See Lira v.
Herrera,* 427 F.3d 1164, 1170 n. 7 (9th
Cir.2005) ("Strikes are prior cases or ap-
peals, brought while the plaintiff was a
prisoner, which were dismissed on the
ground that they were frivolous, malicious,
or fail to state a claim") (internal quota-
tions omitted).

The district court did not abuse its dis-
cretion by denying Baskett's motion to
recuse the magistrate judge assigned to
this case. *See Yagman v. Republic Ins.,*
987 F.2d 622, 626 (9th Cir.1993) (recusal is
justified by actual bias or the appearance
of bias).

---

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

The remaining contentions lack merit.

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.