Riccardo **GREEN**; et al., Plaintiffs— Appellants,

v.

**CALIFORNIA COURT APARTMENTS LLC**, Defendant—Appellee.

No. 08–35198.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 2, 2009.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

See also, 2008 WL 351048.

Riccardo Green, Seattle, WA, pro se.

Imelda Abrego, Seattle, WA, for Plaintiff–Appellant.

John G. Bergmann, Esquire, Kristen Dorrity, Helsell Fetterman, LLP, Seattle, WA, for Defendant–Appellee.

Before: LEAVY, TASHIMA, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Riccardo Green and Imelda Abrego ("appellants") appeal pro se from the district court's judgment for their former landlord ("Apartments") in their action alleging housing discrimination in violation of state and federal law. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion denial of a motion to recuse. *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir.1993). We review summary judgment de novo. *Du-Bois v. Assoc. of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1178 (9th Cir.2006). We affirm.

 The district court did not abuse its discretion by denying appellants' mo-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion for recusal, because no "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Clemens v. United States District Court for the Central District of California,* 428 F.3d 1175, 1178 (9th Cir.2005) (internal quotation marks and citation omitted).

■ The district court properly granted summary judgment on appellants' discrimination claims because appellants failed to raise a triable issue as to whether Apartments or its agents acted with any discriminatory intent during the events at issue, or whether Apartments's practices disproportionately impacted any particular racial group. *See McDonald v. Coldwell Banker,* 543 F.3d 498, 505 n. 7 (9th Cir.2008) ("Disparate treatment [under the Fair Housing Act] requires some showing of discriminatory intent on the part of the defendants, whereas to support a disparate impact claim a plaintiff must establish (1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices.").

■ The district court did not abuse its discretion by striking appellants' motion to compel discovery because it exceeded the page limit established in the local rules. *See Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir.1995) (per curiam) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.").

■ The entry of summary judgment did not deprive appellants of their Seventh Amendment right to a jury trial. *See In re Slatkin,* 525 F.3d 805, 811 (9th Cir.2008) ("As the Supreme Court held, over one

hundred years ago, a summary judgment proceeding does not deprive the losing party of its Seventh Amendment right to a jury trial.").

We do not consider issues that were raised but not developed in appellants' opening brief. *See Pierce v. Multnomah County,* 76 F.3d 1032, 1037 n. 3 (9th Cir. 1996).

Appellants' remaining contentions are unpersuasive.

**AFFIRMED.**