NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THEODORE BRUCE EDENSTROM,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>THURSTON COUNTY, a municipal corporation; et al.,<br><br>Defendants-Appellees. | No.    17-35786<br><br>D.C. No. 3:16-cv-05982-RJB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Theodore Bruce Edenstrom appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional violations relating to land use regulation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Dodd v. Hood River County*, 136 F.3d 1219, 1224 (9th Cir. 1998). We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment on Edenstrom's due process and takings claims premised on a Notice of Violation letter because Edenstrom failed to raise a genuine dispute of material fact as to whether defendants took his property and whether Edenstrom pursued available state administrative or judicial remedies after a final decision. *See Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 321-28 (2002) (distinguishing cases involving physical takings and regulations that cause a taking); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Rancho de Calistoga v. City of Calistoga*, 800 F.3d 1083, 1089 (9th Cir. 2015) (discussing finality and exhaustion requirements for regulatory takings claims).

The district court properly granted summary judgment on Edenstrom's Fourth Amendment claim because Edenstrom failed to raise a genuine dispute of material fact as to whether defendants' conduct constituted a seizure for purposes

17-35786

of the Fourth Amendment. *See Lavan v. City of Los Angeles*, 693 F.3d 1022, 1027 (9th Cir. 2012) ("A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property." (citation and internal quotation marks omitted).

The district court did not abuse its discretion in denying Edenstrom's motion for reconsideration because Edenstrom failed to establish any ground for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

The district court did not abuse its discretion in denying Edenstrom's motion to recuse Judge Bryan because Edenstrom failed to identify any ground for recusal. *See* 28 U.S.C. § 144 (requirements for recusal); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (standard of review; "recusal will be justified either by actual bias or the appearance of bias").

We reject as meritless Edenstrom's contention that his Seventh Amendment right to a jury trial has been violated. *See Johnson v. Neilson (In re Slatkin )*, 525 F.3d 805, 811 (9th Cir. 2008) ("[A] summary judgment proceeding does not deprive the losing party of its Seventh Amendment right to a jury trial.").

17-35786

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees' motion to strike Edenstrom's opening brief (Docket Entry No. 6) is denied.

**AFFIRMED.**