**In re SOLEX ROBOTICS, INC., Petitioner.**

**No. 725.**

United States Court of Appeals, Federal Circuit.

Jan. 17, 2003.

Before LOURIE, BRYSON, and GAJARSA, Circuit Judges.

**ON PETITION FOR WRIT OF MANDAMUS**

GAJARSA, Circuit Judge.

*ORDER*

Solex Robotics, Inc. petitions for a writ of mandamus to direct Judge Winmill and Magistrate Judge Boyle of the United States District Court for the District of Idaho to recuse themselves and moves to stay the trial scheduled to commence on January 21, 2003.

The traditional use of the writ of mandamus in aid of appellate jurisdiction, *see* 28 U.S.C. § 1651(a), "has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). In reviewing a denial of recusal, which raises substantive and procedural issues not within our exclusive jurisdiction, we are guided by the law of the regional circuit. *Baldwin Hardware Corp. v. Franksu Enterprise Corp.,* 78 F.3d 550, 556 (Fed.Cir.1996).

Solex has not shown that it has no other means of attaining the relief desired in its mandamus petition, i.e., disqualification, because it may seek review of the district court's denial of Solex's motion to disqualify on appeal after final judgment. Unlike the United States Court of Appeals for the Seventh Circuit in *United States v. Balistrieri,* 779 F.2d 1191, 1205 (7th Cir.1985), the United States Court of Appeals for the Ninth Circuit has not confined review of denials of motions to recuse to mandamus petitions. *See U.S. v. State of Wash.,* 98 F.3d 1159, 1164 (9th Cir.1996) (Circuit Judge Kozinski noting in concurrence that a judge's failure to recuse himself may be raised on direct appeal or by petition for writ of mandamus); *Yagman v. Republic Insurance,* 987 F.2d 622 (9th Cir.1993) (court reviewing the merits of a denial of recusal on appeal and noting that an earlier mandamus petition had been denied). Similarly, Solex has not shown that we should, on the eve of trial, stay the scheduled proceeding because the propriety of the district court conducting the trial may also be reviewed on appeal after final judgment.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is denied.

(2) The motion to stay is denied.