NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS, LLC,**

*Petitioners*

---

2021-104

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00178-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before MOORE, O'MALLEY, and STOLL, *Circuit Judges*.

O'MALLEY, *Circuit Judge*.

## O R D E R

Godo Kaisha IP Bridge I ("IP Bridge") has sued Micron Technology, Inc. et al. (collectively, "Micron") for patent infringement.  IP Bridge has been represented from the outset by Quinn Emanuel Urquhart & Sullivan LLP ("Quinn").  Micron moved to disqualify Quinn from further representation, arguing that Quinn had previously represented Micron in a substantially related matter.  On July 31, 2020, the district court denied the motion, but it has not

issued written findings of fact and conclusions of law.  Micron now petitions for a writ of mandamus seeking to disqualify Quinn or, alternatively, to direct the district court to issue a written decision on the motion.

Issuance of a writ of mandamus is a "drastic" remedy, "reserved for really extraordinary causes." *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947).  A party seeking a writ bears the heavy burden of demonstrating that it has no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666 (1978) (internal quotation marks omitted).  Even when those two requirements are met, the court must still be satisfied that the issuance of the writ is appropriate under the circumstances.  *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 381 (2004).

We cannot say that Micron has shown a clear and indisputable right to disqualification on the record presented.  Nor can we say that Micron has shown that it lacks an adequate alternative remedy by way of a post-judgment appeal or that it will be irreparably harmed if immediate review were not permitted.  *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377 (1981) ("An order refusing to disqualify counsel plainly falls within the large class of orders that are indeed reviewable on appeal after final judgment."); *see also In re Solex Robotics, Inc.*, 56 F. App'x 490 (Fed. Cir. 2003) (denying mandamus).  Thus, without prejudicing its right to raise the issue after final judgment—at which point we presume we will have more detailed findings from the district court in support of its ruling—we deny Micron's petition for mandamus relief.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

IN RE: MICRON TECHNOLOGY, INC.                                                     3

FOR THE COURT

December 23, 2020          /s/ Peter R. Marksteiner
Date                       Peter R. Marksteiner
                           Clerk of Court

s35